Richard L. HATTER et al.,
Plaintiffs,

v.

UNITED STATES of America et al.,
Defendants.

Civ. No. S–74–205.

United States District Court,
E. D. California.

Aug. 8, 1975.

---

Jan L. Warnshuis, Sacramento, Cal., for plaintiffs.

Dwayne Keyes, U. S. Atty., Richard W. Nichols, Chief Asst. U. S. Atty., Sacramento, Cal., for defendants.

## MEMORANDUM

MacBRIDE, Chief Judge.

This is an action brought by plaintiffs to quiet title to certain real property in Tehama County against the United States, pursuant to the provisions of Title 28 U.S.C. § 1346(f) and § 2409a. On October 25, 1972, the United States, for the first time waived sovereign immunity and consented to be sued as a party defendant in a quiet title action by the enactment of 28 U.S.C. § 2409a, Public Law 92–562, 86 Stat. 1176.[1]

The United States has moved for summary judgment against plaintiffs on the authority of Title 28 U.S.C. § 2409a(f), which provides as follows:

"Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be

deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States."

Plaintiffs' original complaint in this action was filed with this court on May 17, 1974. It is not disputed that plaintiffs' predecessor in interest, D. L. Williams, knew or should have known of the claim of the United States at least as early as January 23, 1951.[2] That being the case, the clear words of § 2409a(f) would bar a quiet title action against the United States brought after January 24, 1963, and accordingly, this action would be barred.

In their memoranda in opposition to the motion for summary judgment, however, plaintiffs raise two contentions in argument that the bar of § 2409a(f) should not apply to them. As an initial matter, plaintiffs contend that the 12-year limitation of suit contained in § 2409a(f) should not begin to run in 1951, but rather, on October 25, 1972, the date the statute was passed. Additionally, plaintiffs argue that their predecessor in interest had only knowledge of "some sort of equitable interest" by the United States, and that there was no notice that the United States claimed legal title to the property. Although plaintiffs cite no cases nor Congressional history in support of their contentions, this court will consider them nonetheless.

## THE 12-YEAR LIMITATION OF SUIT

 To accept plaintiffs' reasoning that the 12-year limitation of suit contained in § 2409a(f) did not begin to run until October 25, 1972, would mean

---

1. To a limited degree, the United States had already been amenable to suits relating to land title in specific instances, and those situations remain intact in accordance with subsection (a) of § 2409a. See particularly *Buchler v. United States*, 384 F.Supp. 709, 710 (Cal.1974).

2. Affidavits filed with the motion for summary judgment indicate that D. L. Williams, plaintiffs' predecessor in interest, received letters from the United States relating to the claim of the United States at least as early as January 23, 1951. Additionally, in 1958, D. L. Williams filed a color of title application relating to the property in question with the United States. In that application, D. L. Williams recites that he became aware on April 15, 1954, that he did not have clear title to the land. All these facts and dates are undisputed by plaintiffs.

that all claims to quiet title against the United States, no matter how ancient, could be brought until October 26, 1984. So broad a waiver of sovereign immunity is neither supportable in logic, nor by the Congressional history of § 2409a(f).

The history of Public Law 92–562, which appears at 1972 U.S.Code Congressional & Administrative News, p. 4547, *et seq.* notes that § 2409a(f) was the result of a compromise, effecting a change from the original Senate bill:

"Subsection (f) is different from the original proposal, but this is the language recommended by the Department of Justice in its letter of September 20, 1972, which was referred to above. As that letter stated, the Department is willing to accept this provision making the provisions added by the bill retroactive for twelve years. This is intended to give persons claiming right, title, or interest in real property in which the United States claims an interest, that period in which to bring suit. As was noted by the Department, the period is fixed in this manner so that the Government will not have to defend against state [sic: stale] claims." *Id.* at 4550.

". . . The existing problems faced by many citizens concerning titles to land in which the United States claims an interest could not be the subject of actions under legislation with the original Department Language which would have had only prospective force. In the opinion of the committee, the language proposed by the Justice Department providing for a twelve year period for the bringing of such actions will make a reasonable provision for the bulk of existing controversies concerning title." *Id.* at 4550–4551.

The September 20, 1972, letter from the Department of Justice which is referred to is particularly pertinent:

"Proposed section 2409a(f) of title 28, United States Code, as passed by the Senate in S. 216, provides that an ac-

tion would be barred unless it was begun within six years after a claim accrued or within two years after the effective date of the Act, whichever was later. An action would be deemed to have accrued upon actual knowledge of the claim of the United States. This provision would make the bill fully retroactive and would put a substantial administrative burden upon the United States to give notice to individual claimants of interests in public lands of United States' claims to interests in those lands. Accordingly, the Department of Justice has opposed proposed subsection (f) as drafted.

"As you know, the Department of Justice has been reluctant to open up stale claims to litigation. If the bill were made fully retroactive, there could be a flood of litigation on old claims, many of which had already been submitted to Congress and rejected. However, we believe that a reasonable period of retroactive application of the bill would not put an undue burden of the Department and the courts, and we would be willing to accept a provision making the bill retroactive for twelve years." *Id.* at 4552–4553.

In fact, the Senate version of § 2409a(f), making a quiet title action fully retroactive, was rejected, and the 12-year limitation was enacted.

## EQUITABLE INTEREST OR LEGAL CLAIM

■ In a supplemental memorandum filed with this court, plaintiffs contend that although their predecessor had knowledge of a claim by the United States to the real property which is the subject of this action, that claim was merely a claim of "some sort of equitable interest", and that therefore the United States implicitly admitted an interest in the title of plaintiffs, and that there was no notice that the United States claimed legal title to the property.

■ As an initial matter, the denomination of a claim as "legal" or "equita-

ble" has no practical significance on the question of notice of the United States' interest in property to which quiet title is sought. Section 2409a(f) makes no such distinction, but speaks only of disputes in title of real property in which the United States claims an *interest*. Quiet title actions are, after all, not merely actions to settle title, but also actions to remove any clouds of title, whether legal or equitable.

Additionally, even if plaintiffs' restrictive view is accepted, the record of exhibits accompanying the motion for summary judgment clearly indicates that plaintiffs' predecessor in interest received notice of the United States' interest in *title* of the subject property. By a letter of November 24, 1950, from A. P. Ireland of the California Division of State Lands to Harrison W. Call, counsel to plaintiffs' predecessor in interest, notice was given that a patent or deed of 1907 issued by California to one C. R. Christian was cancelled by the General Land Office on December 10, 1917, and that the lands in question were vacant government lands. (Defendants' Exhibit 1 to Motion for Summary Judgment.) The fact that the lands are vacant government lands is reaffirmed by letter dated January 23, 1951, from William L. Anderson, Acting Regional Attorney, United States Department of Agriculture, to attorney Call. (Defendants' Exhibit 3 to Motion for Summary Judgment.)

Further, when plaintiffs' predecessor in interest filed color of title applications in May of 1968 with the United States Bureau of Land Management, the application noted that it was "for purchase of the above described lands under the Color of Title Act of December 22, 1928, as amended, and the regulations thereunder." The application was under Class 2 of the regulations and was for the land "as record title owner." The Color-of-Title Act appears at Title 43 U.S.C. § 1068 *et seq.* and deals with the issuance of patents involving tracts "of public land." The rational interpreta-

tion of the term "public land" is "land owned by the United States."

It is therefore the order of this court that defendant United States of America's motion for summary judgment is granted in accordance with the views expressed in this memorandum.

It is so ordered.