556 F.2d 972
 Donna GROSZ, Bruce Wilkie, and Patrick Wilkie, Jr.,
Plaintiffs-Appellants,
v.
Cecil ANDRUS, Secretary of the United States Department of
the Interior, George Felshaw, Superintendent, Western
Washington Agency, Bureau of Indian Affairs, Makah Tribal
Court, and Hary McCarty, Jr., and Loretta Cooke,
Individually, Judges of the Makah Tribal Court, and Timber
Traders, Inc., and Del Hur Construction, a Washington
Corporation, Defendants-Appellees.
 No. 75-3186.
 United States Court of Appeals,
Ninth Circuit.
 July 7, 1977.
 
 Sidney J. Strong, Halverson, Strong, Moen & Chemnick, Seattle, Wash., argued, for plaintiffs-appellants.
 Walter Kiechel, Jr., Acting Asst. Atty. Gen., Carl Strass, Michael A. McCord, Attys., Civ. Div., U. S. Dept. of Justice, Washington, D. C., argued, for defendants-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before LUMBARD,* WRIGHT and ANDERSON, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 Appellants are Indian landowners seeking to quiet title to a portion of their trust lands. The suit was brought against the United States and others. The district court dismissed the claims against all of the original defendants. However, before this court, the Indian landowners contest only the dismissal of their claim as it relates to the United States.
 
 
 2
 This suit arises from a dispute over the ownership of a road running through appellants' trust lands on the Makah Indian Reservation, Neah Bay, Washington. Appellants, enrolled Makah Indians, contend that they are the exclusive and individual owners, by virtue of inheritance, of that portion of the Shi Shi Beach Road that passes through their property on the reservation. The United States contends that it obtained a right-of-way over appellants' land in 1939 from appellants' predecessors in interest and that it maintained the road as a public road ever since.
 
 
 3
 The facts disclose that in 1939 the Bureau of Indian Affairs (BIA) investigated the desirability of constructing a new road on the reservation. Subsequently, on December 6, 1939, the Makah Indian Tribal Council, by resolution, agreed that a right-of-way should be granted. The resolution stated that the road was to be used by the public and the Makah Indians. The resolution also stated that the road would be an improvement on the reservation and that the consideration would be the performance of the improvement work and the benefits to accrue to the tribal lands (C.R. 53). On December 9, 1939, the BIA obtained the written consent of appellants' great-grandparents and their grandmother authorizing the United States "to use a right of way on and across" the lands in question (C.R. 54-55). This document, entitled "Right of Way Easement," recited the same consideration as stated in the Tribal Council's resolution. The Shi Shi Beach Road was then constructed in 1940.
 
 
 4
 In 1966 the Makah Tribal Council passed a resolution restricting the use of the road to non-commercial uses. Beginning in 1970, appellants attempted to deny access to Shi Shi Beach Road to the general public first by physical blockade and then by charging a toll. The BIA, on August 23, 1972, then petitioned the Tribal Council for an order directing plaintiffs to remove all blockades.[1] The Tribal Council issued a temporary order on the same day, and then on March 15, 1973, issued a permanent council order requiring appellants to refrain from preventing access to the road. This suit was filed on March 14, 1973.
 
 
 5
 The district court, first finding that this suit was "essentially one against the United States to quiet title to property," relied upon the 1972 amendment to 28 U.S.C. § 1346, which created a new section 28 U.S.C. § 2409a,[2] to find jurisdiction. The court then granted the government's summary judgment motion, stating:
 
 
 6
 "This Court is persuaded that the doctrine of laches prevents plaintiffs from asserting their claim at this time, more than thirty years after the road was constructed. Plaintiffs or their predecessors in interest should have known about the easement and the tribal council resolution. In reliance upon those documents, the United States constructed, and from time to time improved, the road." (C.R. 99a)
 
 
 7
 Assuming, without deciding, that 28 U.S.C. § 2409a applies to the lands in question, we affirm the district court's actions, but for different reasons,[3] specifically, that the twelve-year statute of limitations contained in 28 U.S.C. § 2409a(f) has run.
 
 28 U.S.C. § 2409a(f) states:
 
 8
 "(f) Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States."
 
 
 9
 The crucial question is when the appellants or their predecessors in interest knew or should have known of the government's claim.
 
 
 10
 It is undisputed that appellants' predecessors in interest executed the right-of-way documents in 1939. While there is no evidence that these documents were read to or translated to appellants' predecessors, it is noted that the documents were witnessed by two persons, one of which has since died and the other's whereabouts are unknown. Appellants, by their own affidavits, contend that the execution of these documents was invalid, by alleging that their great-grandparents had no formal schooling and could not read or write English. Appellants also allege that their grandmother was addicted to alcohol and had other physical ailments that affected her competency to sign such a document during the last years of her life.
 
 
 11
 The district court, however, found that appellants' predecessors in interest "should have known about the easement and the tribal council resolution.", which were executed in 1939. This finding is supported by the absence of any protest or inquiry lodged by appellants' predecessors in interest, even after construction of the road had commenced on their property in 1940. Thus, even assuming appellants' predecessors in interest did not know the extent of the documents they signed, they were, or should have been, put on notice of such interest at least when the construction of the road commenced on their property. This road was constructed pursuant to the Tribal Council's resolution, as well as the obtaining of easements from all the other property owners. It is inconceivable that appellants' predecessors in interest could have been so oblivious to the Tribal Council's actions and the approvals given by their adjoining landowners, as well as the actual construction and continued use of the road to support a finding that they should not have known of the government's interest.
 
 
 12
 In support of their argument that the doctrine of laches does not apply, appellants maintain that they could not have legally commenced this action until 1972, when 28 U.S.C. § 2409a was enacted; therefore, this legal impossibility of bringing suit is ample justification for any claimed delay. A similar argument was rejected in connection with the statute of limitations, 28 U.S.C. § 2409a(f). In Hatter v. United States, 402 F.Supp. 1192 (E.D.Cal.1975), the plaintiff contended that the twelve-year statute of limitations should not commence to run until October 25, 1972, the date the statute was passed. In rejecting this argument, the court stated:
 
 
 13
 "To accept plaintiff's reasoning that the 12-year limitation of suit contained in § 2409a(f) did not begin to run until October 25, 1972, would mean that all claims to quiet title against the United States, no matter how ancient, could be brought until October 26, 1984. So broad a waiver of sovereign immunity is neither supportable in logic, nor by the Congressional history of § 2409a(f)."
 
 
 14
 The court then quoted at length from the legislative history[4] and properly concluded that the twelve-year limitation was enacted so as to provide a reasonable cut-off point to prevent a flood of litigation over stale claims. We must accept this directive from Congress.
 
 
 15
 As applied to the United States, the defense of the statute of limitations goes to the court's jurisdiction. Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633 (1938); H-10 Water Taxi Company v. United States, 379 F.2d 963 (9th Cir. 1967), and, accordingly, may be raised by this court. We believe that 28 U.S.C. § 2409a(f) is such a jurisdictional statute of limitations.
 
 
 16
 Having found that the twelve-year statute of limitations has run before this action was filed, the district court's granting of the government's summary judgment motion is AFFIRMED.
 
 
 
 *
 The Honorable J. Edward Lumbard, Senior Circuit Judge, United States Court of Appeals, Second Circuit, sitting by designation
 
 
 [1]
 It is this action by the government by which appellants contend that they first became aware of any interest claimed by the government
 
 
 [2]
 28 U.S.C. § 2409a(a) states in pertinent part:
 "The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. This section does not apply to trust or restricted Indian lands, . . ."
 
 
 [3]
 This court may affirm on any ground squarely presented on the record. M. O. S. Corporation v. John I. Haas Co., 375 F.2d 614 (9th Cir. 1967)
 
 
 [4]
 See Hatter v. United States, 402 F.Supp. at 1194, for the court's references to the legislative history and also 1972 U.S.Code Cong. & Admin.News, p. 4547, et seq