PARK COUNTY, MONTANA, and Sweet Grass County, Montana, political subdivisions of the State of Montana, Plaintiffs,

v.

UNITED STATES of America, Acting By and Through the SECRETARY OF AGRICULTURE and the Forest Supervisor of the Gallatin National Forest, and all other persons, known or unknown, claiming or who might claim any right, title, estate or interest in, or lien or encumbrance upon the real property described in the Complaint, or any part thereof, adverse to the plaintiffs' ownership, or any cloud upon the plaintiffs' title thereto, whether such claim or possible claim be present or contingent, including any claim or possible claim of dower, inchoate or accrued, or elective share of a surviving spouse, Defendants,

Cross Creek Protective Association, Defendant-Intervenor.

No. CV–76–125–BLG.

United States District Court, D. Montana, Billings Division.

March 20, 1978.

**2**

Conrad B. Fredricks, Sp. Deputy County Atty., Big Timber, Mont., for Sweet Grass County Atty. Kenneth R. Olson, and Park County Atty. Jack C. Yardley, plaintiffs.

Roy E. Murray, Asst. U. S. Atty., Butte, Mont., for defendants.

James H. Goetz, Goetz & Madden, Bozeman, Mont., for defendant-intervenor.

## MEMORANDUM AND ORDER

BATTIN, District Judge.

The plaintiff counties have filed an action seeking to quiet title to certain lands located within the boundaries of the Gallatin National Forest. The land in question is a purported road right-of-way alleged to have been established by a survey conducted in 1893. The road supposedly established a route from Chimney Rock Pass, generally following what has now been designated as Forest Service Trail No. 184, to a point where it joins another road said to have been established. The joining trail runs from the vicinity of the Hidden Treasure Mine across the Boulder River Basin through the Slough Creek Divide and down Slough Creek to Lake Abundance Creek, generally following a route designated as Forest Service Trail No. 104. The United States has moved the Court to dismiss this action for lack of jurisdiction. The motion is supported by a brief. Likewise, defendant intervenor, Cross Creek Protective Association, has moved for summary judgment, with a supporting brief. The basis of both motions is the assertion that plaintiffs are barred from bringing the present action by the provisions of 28 U.S.C. § 2409a(f).

The Court, having considered the motions, finds that the case is a proper case for disposition by summary judgment in that there are no material facts in dispute and that defendants are entitled to judgment in their favor as a matter of law. Rule 56, Federal Rules of Civil Procedure.

The United States may be named as a party defendant in a civil action to adjudicate a disputed title to real property in which the United States claims an interest. 28 U.S.C. § 2409a(a). However, there are restrictions placed on the bringing of such an action. One such limitation is the period within which the case must be commenced. 28 U.S.C. § 2409a(f) provides:

> "Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States."

In considering the applicability of the period of limitations set forth in § 2409a(f), it is necessary to note that the statute of limitations is jurisdictional. *Gendron v. United States*, 402 F.Supp. 46 (E.D. Cal.1974), aff'd 524 F.2d 1154 (9th Cir. 1975). *See also, Grosz v. Andrus*, 556 F.2d 972 (9th Cir. 1977); *Powers v. United States*, 390 F.2d 602 (9th Cir. 1968). In suits against the United States, the question of the statute of limitations is a defense which cannot be waived because of the sovereign power of the United States. *H–10 Water Taxi Company, Ltd. v. United States*, 379 F.2d 963 (9th Cir. 1967). Finally, although there may be cases where exceptions to the applicability of the statutes of limitations might be desirable, the Courts are not at liberty to draft any exception to the requirements of 28 U.S.C. § 2409a(f). *Mann v. United States*, 399 F.2d 672 (9th Cir. 1968). The United States may be sued only when it consents to be sued. *Simons v. Vinson*, 394 F.2d 732 (5th Cir. 1968). When the consent to sue does exist, the suit may continue only when the preconditions for the waiver of sovereign immunity are met.

In light of this, the limitations period set forth in 28 U.S.C. § 2409a(f), established by Congress, must be strictly observed and exceptions thereto are not to be implied. *Mann v. United States, supra* at 673.

█ This case was filed on October 4, 1976. A careful reading of the affidavits, interrogatories, and exhibits contained in the Court record reveals that Park and Sweet Grass Counties knew or should have known, within the meaning of § 2409a(f), of the claim by the United States to the land in question on or before October 4, 1964, a period twelve years before the case was commenced.

The Absaroka National Forest was established on September 4, 1902, and was later renamed the Gallatin National Forest. The road right-of-way which plaintiff counties claim they own is within the boundaries of the Gallatin National Forest. The major portion of the purported road right-of-way claimed by the counties travels a route following Forest Service Trails 104 and 184. Unquestionably, the trails are United States Forest Service trails. The Forest Service has maintained the trails since the early part of the Twentieth Century. Neither of the counties has maintained the purported road or authorized expenditures of any county money to maintain the routes in the Absaroka National Forest.

When the Absaroka Primitive Area was established in April of 1932, a portion of the claimed right-of-way made by the plaintiffs followed Forest Service Trail 104 through the Absaroka Primitive Area. In 1962, the Forest Service placed a sign at the north end of the Absaroka Primitive Area at the intersection of Slough Creek and Forest Service Trail 104. The sign stated: "Entering Absaroka Primitive Area—Motor Vehicles Prohibited—Gallatin National Forest". Notwithstanding any question as to whether the purported road actually traveled through the Absaroka Primitive Area, it is undisputed that in 1962 the Forest Service claimed ownership and jurisdiction of the land traversed by the purported right-of-way by posting notice of its interest. The counties should have known of the United States' claim to the lands in question on or before October 4, 1964. In this regard, the denomination of the claim of the United States as legal or equitable has no practical significance on the question of notice of the United States' interest in the property to which title is sought to be quieted. *Hatter v. United States*, 402 F.Supp. 1192, 1194–95 (E.D.Cal.1975).

The plaintiff counties argue that, even if the Court were to find that sufficient facts exist to find that the counties, or their predecessors in interest, knew or should have known of the claims of the United States to the land in question, the twelve-year period of limitations does not run against the state. The proposition put forth by the counties is that because the county is an arm of the state and because time does not run against the Crown when public rights are involved, and because the road right-of-way claimed here is a public right, then the twelve-year period for the statutes of limitation does not apply to these plaintiffs. Whatever appeal the argument may have, this Court has no power to engraft exceptions, for whatever reason, to the language of 28 U.S.C. § 2409a(f). The twelve-year limitation was established by Congress and must be strictly observed. *Mann v. United States, supra* at 673. In an action brought against the United States to quiet title to property claimed by the United States, the action must be brought within twelve years of the time the plaintiffs knew or should have known of the claim of the United States, regardless of whether the plaintiff is an arm of the state or an individual. Therefore,

IT IS ORDERED that the motion to dismiss of the defendant United States be, and the same hereby is, granted.

IT IS FURTHER ORDERED that the motion for summary judgment of defendant intervenor, Cross Creek Protective Association, be, and the same hereby is, granted.

IT IS FURTHER ORDERED that judgment be entered by separate document in favor of the defendants and denying the plaintiffs all relief.

**4**

The Clerk is directed to notify the parties of the entry of this order.