PARK COUNTY, MONTANA, and Sweet Grass County, Montana, Plaintiffs–Appellants,

v.

UNITED STATES of America et al., Defendants–Appellees.

Cross Creek Protective Association, Defendant–Intervenor–Appellee.

No. 78–1930.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1980.

Decided Aug. 29, 1980.

Kenneth R. Olson, Great Falls, Mont., Conrad B. Fredricks, Big Timber, Mont., argued for appellant; David W. Depuy, Livingston, Mont., Kenneth R. Olson, Great Falls, Mont., on brief.

Michael A. McCord, Dept. of Justice, Washington, D. C., James H. Goetz, Bozeman, Mont., argued for appellee.

Michael H. Hyer, Denver, Colo., argued, for amici curiae, James G. Watt, Denver, Colo., on the brief.

Before KENNEDY and SCHROEDER, Circuit Judges, and TANNER*, District Judge.

PER CURIAM.

Appellants [1] appeal from the dismissal of the defendant, United States, and the motion for summary judgment of defendant-intervenor, Cross Creek Protective Association, under the provisions of the Quiet Title Act, 28 U.S.C. § 2409a(a) [2] and (f) [3]. We affirm.

Appellants are counties, which are political subdivisions of the State of Montana. On October 4, 1976, Appellants filed a complaint, pursuant to 28 U.S.C. § 2409, to quiet title to an easement across certain lands located within the boundaries of the Gallatin National Forest. Subsequently, Cross Creek Protective Association (hereinafter referred to as "Cross Creek"), a local citizen organization, was allowed to intervene as a party defendant.

The issues presented on appeal are: (1) whether the 12-year statute of limitations under 28 U.S.C. § 2409a(f) applies to every action brought under that act, notwithstanding that the plaintiff is a state, a political subdivision of a state, or some other governmental entity, and (2) whether the district court properly concluded that as a matter of law there was adequate notice that the appellants knew or should have known of the claim of the United States to the purported right-of-way more than 12 years before this action was brought.

Appellants contend that the 12-year statute of limitations in 28 U.S.C. § 2409a(f) is inapplicable to them because they are "political subdivisions of the state government." In support of this proposition they allege that because counties are governmental agencies or political subdivisions of the state government with powers delegated by the state, they are in effect "arms" of the state government and as such are imbued with the sovereignty of the state. Appellants also argue that because the dispute is over public roads and appellants are acting to protect "public rights" they,

* The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

1. The Montana Association of Counties and Mountain States Legal Foundation were allowed to file an amici curiae brief.

2. 28 U.S.C. § 2409a(a) reads:
"The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. This section does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under sections 1346, 1347, 1491, or 2410 of this title, sections 7424, 7425, or 7426 of the Internal Revenue Code of 1954, as amended (26 U.S.C. 7424, 7425, and 7426), or section 208 of the Act of July 10, 1952 (43 U.S.C. 666)."

3. 28 U.S.C. § 2409a(f) provides:
"Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States."

therefore, are acting under the cloak of state sovereignty.

■ The district court concluded that it had no power to engraft exceptions for any reason to the language of 28 U.S.C. § 2409a(f) and that the 12-year statute of limitations as established by Congress must be strictly construed. It noted the explicit language of 28 U.S.C. § 2409a(f) which provides that: "*Any* civil action under this section shall be barred *unless* it is commenced within 12 years of the date upon which it accrued". (emphasis added). Since the defense of the statute of limitations is jurisdictional in suits against the United States, failure to satisfy the requirements of 28 U.S.C. § 2409a(f) cannot be waived and may be raised at any time. *Grosz v. Andrus*, 556 F.2d 972 (9th Cir. 1977).

■ The district court observed that the plaintiffs-appellants failed to point to any statutory language or legislative history that would support the proposition that counties enjoy a status different from all other litigants under 28 U.S.C. § 2409a(f). We agree. *See* H.R.Rep.No.92–1559, 92d Cong., 2d Sess. (1972), reprinted in [1972] U.S.Code Cong. & Admin.News, p. 4547. Furthermore, in affirming the district court we find the cases[4] cited by appellants to be inapplicable because they are based primarily in common law doctrines of sovereignty and state court decisions interpreting the extent of this sovereignty. Unlike those cases, this case involves a federal statute of limitations in a suit against the United States in a federal forum. Such statutes of limitation are generally applicable to governmental entities as well as individuals. *See United States v. Louisiana*, 127 U.S. 182, 185, 192, 8 S.Ct. 1047, 1048, 1052, 32 L.Ed. 66 (1888); *California v. United States*, 137 F.Supp. 208 (Ct.Cl.1955).

■ We now turn to the issue whether the appellant should have had notice or knowledge of the United States' claim.

The Absaroka National Forest was established on September 14, 1902, and was later named the Gallatin National Forest. Appellants claim that they own the road right-of-way that is within the boundaries of the Gallatin National Forest. The road right-of-way in controversy is located in both Park County and Sweet Grass County, Montana. Sweet Grass County was part of Park County until March 5, 1895.

Appellants also contend that all legal requirements for establishing this road were satisfied and that their actions constituted acceptance of a grant of a road right-of-way on public lands pursuant to 43 U.S.C. § 932[5]. The major portion of the purported road right-of-way claimed by the counties travels a route following Forest Service Trails 104 and 184. The district court concluded that "[U]nquestionably the trails are United States Forest Service Trails. The forest service has maintained the trails since the early part of the 20th Century. Neither of the counties has maintained the purported road or authorized expenditures of any county money to maintain any of the routes in the Absaroka National Forest."

When the Absaroka Primitive Area was established in April of 1932, a portion of the claimed right-of-way made by the Appellants followed Forest Service Trail 104 through Absaroka Primitive Area. In 1962, the Forest Service placed a sign at the North End of the Absaroka Primitive Area at the intersection of Slough Creek and Forest Service Trail 104. The sign stated: "Entering Absaroka Primitive Area—Motor Vehicles Prohibited—Gallatin National Forests".

We are not persuaded by appellants' contention that the placing of the sign, approximately 41 air miles from the county seat of Park County, and approximately 48 miles from the County Seat of Sweet Grass County, constituted notice, if any, only as to the

---

4. *Ralston v. Town of Weston*, 46 W.Va. 544, 33 S.E. 326 (1899).

5. 43 U.S.C. § 932 reads as follows:

"The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted. R.S. § 2477."

portion of the right-of-way behind the sign.[6]

The sign gave notice that motor vehicle traffic was being prohibited by the Forest Service. A rock barrier was also placed across the trail in front of the sign. The district court, therefore, properly concluded that in 1962 the Forest Service claimed ownership and jurisdiction of the land transversed by the purported right-of-way by posting notice of its interest. *Grosz v. Andrus, supra.* The county should have known of the United States claim to the lands in question on or before October 4, 1964. In this regard, the denomination of the claim of the United States as legal or equitable has no practical significance on the question of notice of the United States interest and the property to which title is sought to be quieted. *Hatcher v. United States,* 402 F.Supp. 1192, 1194–95 (E.D.Cal. 1975).

Thus, the district court's dismissal of appellants' complaint was entirely proper. The district court did not err in concluding that this action was barred by 28 U.S.C. § 2409a(f) or that the appellants knew or should have known of the claim of the United States to the purported right-of-way more than 12 years before this action was brought. Disposition by summary judgment was proper in that there was no genuine issue as to any material fact and that the appellees were entitled to judgment as a matter of law pursuant to 28 U.S.C. § 2409a(f).

---

**6.** The appellants also contend that, even if they had notice of the United States claim to that portion of the purported right-of-way located "behind" the Forest Service sign, this notice would not apply to the remainder of the right-of-way. However, in 1962 the appellants were put on notice that the United States claimed control over at least a substantial portion of the right-of-way. This claim should have put the appellants on constructive notice and alerted them to make reasonable inquiry as to the remainder of the purported right-of-way since the remainder would have little or no remaining utility if it were severed.