VINCENT MURPHY CHEVROLET COM-
PANY, INC. a Texas corporation, and
Arapahoe County Fair Association, a
Colorado non-profit corporation, Plain-
tiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 83–K–11.

United States District Court,
D. Colorado.

April 27, 1983.

Mark E. Rinehart, Holme, Roberts &
Owen, Denver, Colo., for plaintiffs.

Glen R. Goodsell, U.S. Dept. of Justice,
Washington, D.C., Robert N. Miller, U.S.
Atty. and Richard A. Jost, Asst. U.S. Atty.,
Denver, Colo., for defendant.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This action brought by plaintiffs under
Title 28 U.S.C. § 2409a, the Federal Quiet
Title Act of 1972, seeks to have certain
restrictions and easements placed on three
parcels of land at the time of transfer de-
clared invalid. Title to these three parcels
was transferred from the United States of
America to plaintiff, Vincent Murphy Chev-
rolet Company by quit claim deeds of Janu-
ary, 1965. Jurisdiction is alleged under 28
U.S.C. §§ 1346(f) and 2409a. The three
parcels of land are located in Arapahoe
County, Colorado and all were purchased at
a public sale or public auction in late 1964
or early 1965. Plaintiff, Arapahoe County
Fair Association, Inc., claims an interest in
parcel # 2 under a receipt and option con-
tract between plaintiffs dated September
23, 1982.

The original quit claim deeds from the government delineated certain easements and restrictions. *See,* exhibits A, B and C to the complaint. Those restrictions, in substance, (a) prohibit human habitation of the parcels; (b) prohibit human entry on the parcels except by the owner; (c) prohibit the use of firearms or explosives on the parcels; (d) limit the use of the parcels to agricultural and grazing purposes; (e) prohibit the use of explosives in exploring, producing or removing oil, gas or other minerals; (f) require approval of the "Air Force officer in charge" before any proposed mining activity may be commenced on the parcels; (g) require the posting of signs on restricted areas of the parcels; (h) prohibit the construction, operation and maintenance of high voltage lines over 13,-000 volts on certain parts of the parcels; and (i) provide rights of ingress and egress over and across the land. (See, page 6 of the complaint and exhibits A, B and C) The easements reserved to the United States: (a) rights to locate, construct and maintain roadways across various parts of the parcels; (b) rights to trim, fell and remove from the roadways all trees, underbrush or obstacles; (c) rights to locate and maintain overhead or underground utility lines within the roadways; (d) rights to top trees, bushes, shrubs or any other perennial growth extending above a certain elevation on parts of the parcels; (e) rights to remove, raze, destroy and prohibit the future construction of buildings or portions thereof, other structures or portions thereof, land, embankments of earth and other materials which infringe upon, extend into or extend above certain elevations on parts of the parcels; and (f) rights of ingress to, egress from and passage on and over the parcels for purposes of exercising the rights reserved by the easements. (See page 7 of the complaint and exhibits A, B and C)

Plaintiff Arapahoe County Fair Association desires to build a racetrack on a portion of parcel # 2 and is prohibited from so doing by these restrictions and easements. Plaintiffs maintain that changed conditions concerning these parcels and the surrounding area render these restrictions and ease-

ments invalid. The parcels adjoin the Lowry Bombing Range, a part of Lowry Air Force Base. Once an active bombing range, military activity has ceased since the transfer of title from the government to Vincent Murphy Chevrolet. Surrounding land has been sold to private individuals and subdivided. Plaintiffs contend that the original purposes of the easements and restrictions were for safety, to protect private citizens from military activity on the bombing range and to prevent development of the land. Because those activities have ceased and the surrounding area has been developed, plaintiffs argue that the easements and restrictions on the land are invalid and should be removed as a cloud on the title. The government has moved to dismiss this action as barred by the twelve-year statute of limitations under 28 U.S.C. § 2409a(f) and for failure to state a claim upon which relief can be granted.

Under the doctrine of sovereign immunity, suits against the United States, absent its consent, are barred. The Federal Quiet Title Act, 28 U.S.C. § 2409a waives immunity in quiet title actions. Section 2409a states in part:

(a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims any interest, other than a security interest or water rights....

This waiver, however, is expressly conditioned:

(f) Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. *Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.* (emphasis added).

There is no question that the restrictions and easements contained in the deeds constitute a "claim" of the United States.

■ The statute of limitations is jurisdictional and may not be waived. *Park County v. United States,* 454 F.Supp. 1, 2

.(D.Mont.1978), *aff'd, Park County Association v. United States,* 626 F.2d 718 (9th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 923, 66 L.Ed.2d 841 (1981). It must be strictly construed in favor of the sovereign. *Stubbs v. United States,* 620 F.2d 775, 779 (10th Cir.1980); *Knapp v. United States,* 636 F.2d 279, (10th Cir.1980). See also, *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979). The limitations period begins to run on the date the plaintiff knew or should have known of the "claim" of the United States. *Knapp v. United States,* 636 F.2d at 283; *Stubbs v. United States,* 620 F.2d at 779–80; *Amoco Production Co. v. United States,* 619 F.2d 1383, 1387–88 (10th Cir.1980); *City and County of Denver, etc. v. Bergland,* 517 F.Supp. 155 (D.Colo.1981), *modified,* 695 F.2d 465 (10th Cir.1983). See also, *Hart v. United States,* 585 F.2d. 1280, 1283–85 (5th Cir.1978) *cert. denied,* 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979); *Hatter v. United States,* 402 F.Supp. 1192, 1193–94 (E.D. Cal.1975). § 2409a does not require that the plaintiff have knowledge of the full contours of the government's claim before the action accrues. All that is necessary is a reasonable awareness that the government claims some interest adverse to the plaintiff. *United States v. Bedford Associates,* 657 F.2d 1300, 1316 & n. 16 (2nd Cir. 1981); *Knapp v. United States,* 636 F.2d at 283; *D.C. Transit System, Inc. v. United States,* 531 F.Supp. 808 (D.C.D.C.1982). The grantee, Vincent Murphy Chevrolet had actual notice of the easements and restrictions at the date of transfer of title in January, 1965. All three deeds were duly recorded and have remained of record with the County of Arapahoe. The twelve-year rule of section 2409a(f) applies retrospectively, but the Tenth Circuit has interpreted the intent of congress when passing the act to permit retrospectivity only in actions that accrued in the twelve-year period preceding the act's enactment. *Knapp v. United States,* 636 F.2d at 282. *See,* H.R.Rep. No. 1559, 92nd Cong., 2d Sess., reprinted in [1972] U.S.Code Cong. & Admin.News, pp. 4547, 4550. Therefore, no cause of action was created for any title claim that accrued earlier than 1960. *Id.*

While recognizing the twelve-year limitations period, plaintiffs argue that their claims are not time barred because the restrictions and easements were not invalid when first created in 1965 but have become invalid due to changed conditions. Plaintiffs assert that to rule that their claims are time-barred would "frustrate the very purpose for which the FQTA was enacted by Congress." (Brief at pp. 4–5). Plaintiffs submit that it is the validity of the restrictions and easements, in light of recently changed conditions and failure of original purposes that is at issue here and, because the changed conditions occurred within the last ten years, this action is not time barred.

In *Amoco Production Co. v. United States,* 619 F.2d at 1387, the court, speaking through Judge McKay, said:

Because § 2409a limits the sovereign immunity of the United States, it must be interpreted according to federal law. However, federal courts may properly look to state law as an aid in determining the application of statutory language to specific facts. Local practices and local rules are particularly indicative of whether a party should have known a relevant fact. Moreover, questions involving ownership, transfer and title to real estate have traditionally been resolved according to the laws of the state where the realty is located. (citations omitted).

Questions of ownership, transfer and title are not at issue here. The concepts of actual and constructive notice have long been recognized in Colorado law. Plaintiffs' reliance on state law regarding the principle that conditions changing over time can render restrictive covenants invalid is not applicable to the statute of limitations issue. It could be applicable for other purposes if the action was timely filed.

The purpose of the limitations period established in the Quiet Title Act, as for all other limitations periods, is clearly announced in the congressional history as an intent to protect the government from being required to defend against "stale"

claims. The limitations period of § 2409a(f) encompasses "[a]ny civil action." Courts may not draft exceptions to the requirements of § 2409a(f). *Mann v. United States,* 399 F.2d 672 (9th Cir.1968); *Park County v. United States,* 454 F.Supp. at 3. Although a claim of plaintiffs that the easements and restrictions are invalid due to changed conditions may have arisen within the last ten years as they allege, the government's claim was known to plaintiffs in 1965. This action is stale and the government's motion to dismiss because this action is filed outside of the twelve-year statute of limitations is granted. I need not address the second ground for defendant's motion, viz., failure to state a claim upon which relief can be granted. It is, therefore,

ORDERED that the complaint and action shall be and hereby are dismissed with prejudice. Each party to pay its own costs.