STATE OF NEVADA, Plaintiff-Appellant,

v.

UNITED STATES of America, James Watt, Secretary of the Interior, Lynn Greenwalt, Director, Fish and Wildlife Service, and Kayler Martinson, Regional Director, Fish and Wildlife Services, Defendant-Appellees,

and

Defenders of Wildlife, Inc., Intervenors-Appellees.

No. 82–4621.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 1984.

Decided April 20, 1984.

Harry W. Swainston, Deputy Atty. Gen., Carson City, Nev., for plaintiff-appellant.

Paul A. Zevnik, Paul, Hasting, Jaonfsky & Walker, Washington, D.C., for Defenders of Wildlife, Inc.

Ellen J. Durkee, Atty., Dept. of Justice, Washington, D.C., for U.S.

Before MERRILL, FARRIS, and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

Nevada appeals the district court's decision granting summary judgment, 547 F.Supp. 776 (D.Nev.1982). In granting summary judgment, the district court held that Nevada's quiet title action against the United States over the bed of Ruby Lake was time-barred by the Quiet Title Act's twelve-year statute of limitations on federal waiver of sovereign immunity. 28 U.S.C. § 2409a(f) (1976). In addition to challenging that holding, Nevada also contends that once the district court ruled that Nevada's quiet title suit was barred by sovereign immunity, the district court should not have ruled on the merits of the action. Finally, Nevada asserts other general challenges to federal regulatory authority which, although raised below, were not addressed by the district court.

I

Federal waiver of sovereign immunity in quiet title suits is limited by a twelve-year statute of limitations.

Any civil action under [the Quiet Title Act] shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.

28 U.S.C. § 2409a(f). The State of Nevada brought the instant suit on September 29, 1978. Thus, if Nevada officials knew or should have known of the United States' claim to the Ruby Lake bed before September 29, 1966, the suit was properly dismissed as time-barred.

We affirm the district court's holding that Nevada's quiet title suit is time-barred. The Quiet Title Act's statute of limitations on the United States' waiver of sovereign immunity is strictly construed. *Block v. North Dakota ex rel. Board of University and School Lands*, 461 U.S. 273, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983). Contrary to Nevada's assertion, the Supreme Court has decisively held that the twelve-year statute of limitations applies to quiet title suits brought by a state. *Block*, 103 S.Ct. at 1814, 1819–22.

Other arguments advanced by Nevada in its attempt to avoid the limitations bar by challenging the underlying legality of the federal claim are unpersuasive. These arguments are unavailing because the crucial issue in our statute of limitations inquiry is whether Nevada had notice of the federal claim, not whether the claim itself is valid or invalid. *Park County Montana v. U.S.,* 626 F.2d 718, 721 (9th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 923, 66 L.Ed.2d 841 (1981); *Grosz v. Andrus,* 556 F.2d 972, 975 (9th Cir.1977).

■ Our review of a district court's grant of summary judgment is *de novo.* *M/V American Queen v. San Diego Marine Const.,* 708 F.2d 1483, 1487 (9th Cir. 1983). To succeed in a motion for summary judgment, the moving party must demonstrate that no "genuine issue as to any material fact" remains to be resolved at a trial on the merits "and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Fed.R.Civ.P. 56(e) provides in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In its response to the United States' motion for summary judgment, Nevada sets forth several specific factual disputes between the United States and Nevada. However, those factual disputes relate solely to the validity of the United States' claim to the Ruby Lake bed. Despite Nevada's contention to the contrary, they are not relevant to the statute of limitations notice issue. *See Grosz v. Andrus,* 556 F.2d at 975 (where even though appellant's predecessors in interest may not have understood the document they signed, they clearly had notice of the government's claim to a right of way on their property, if not when they signed the document, "at least when the construction of the road commenced on their property."). Thus, Nevada has failed to "set forth specific facts showing that there is a genuine issue for trial" on the crucial notice issue.

To foreclose summary judgment, Nevada should have offered information admissible in evidence to dispute each specific instance of notice presented by the United States in its papers. The existence of one uncontroverted instance of notice suffices to trigger the limitations period. Nevada has failed to controvert the instances of notice presented by the federal government. Before the district court, the United States in its papers presented numerous instances in which Nevada "knew or should have known" of the federal claim to the Ruby Lake bed. One such example was a 1937 affidavit by the Deputy Surveyor General of Nevada—co-signed by the Governor and Attorney General of Nevada—responding to a federal letter that expressed the United States' intention to acquire the Ruby Lake bed for a wildlife refuge. That letter asked Nevada whether it asserted any interest in the property. The jointly-signed Nevada affidavit disclaimed any interest by the state in the lake bed. The affidavit stated: "That the records of the office of the Surveyor General and State Land Register of the State of Nevada show that the State of Nevada has not and does not claim any interest in the lands in the bed of said Ruby Lake . . . ."

This affidavit, especially when coupled with the federal government's management of a national wildlife refuge on the lake since 1938, conclusively demonstrates that as early as 1937 Nevada had uncontroverted notice of a federal claim sufficient to trigger the statute of limitations. *See, e.g., Park County,* 626 F.2d at 720–21 (where single sign, forty-one miles from county seat, not proclaiming ownership but merely asserting some federal authority over a backroad, found sufficient for § 2409a(f) notice purposes).

## II

As a fall-back position, Nevada contends that the district court's decision should be vacated to the extent that it addresses the merits of the title suit. The Supreme Court has recently explained that failure to file a quiet title suit within the applicable limitations period is jurisdictional. *Block,* 103 S.Ct. at 1822–23; *accord Park County,* 626 F.2d at 720. The district court was therefore without power to decide the merits of the quiet title action.

However, a close reading of the district court's decision makes clear that the court did not in fact address the merits of the quiet title action. The district court correctly observed that for Nevada to succeed in its challenge to federal authority to regulate Ruby Lake under the Property Clause, U.S. Const., art. IV, § 3, cl. 2, Nevada would have to prove that the United States *did not* own sufficient property within the refuge to give the federal government authority to regulate under the Property Clause. The district court held only that Nevada was precluded by the statute of limitations bar from proving the *sine qua non* of its Property Clause challenge—i.e., that the United States did not own sufficient property within the refuge to permit federal regulation. Thus the district court did not pass judgment on the validity of federal regulations under the Property Clause. The district court held merely that Nevada was precluded, because of the limitations bar, from proving that those regulations lacked Property Clause support.

█ The district court is correct that Nevada's Property Clause challenge is time-barred. Because Nevada is time-barred from bringing its quiet title action, Nevada is also time-barred from bringing an action challenging federal regulations promulgated under the Property Clause that requires resolution of the quiet title issues. To hold otherwise would be to render the statute of limitations meaningless. To succeed in such a challenge Nevada would have to show that the United States lacked title to the lake bed, which is exactly what Nevada

is foreclosed from doing by the Quiet Title Act's limitations bar. The Supreme Court in *Block* specifically cautioned that "[a] constitutional claim can become time-barred just as any other claim can." 103 S.Ct. at 1822. Moreover, the district court's one-paragraph statement about the Supremacy Clause—that all state regulation that is "inconsistent" with federal laws and regulations are preempted—is certainly correct. The statement does not constitute an independent preemption finding, but is merely a general statement explaining the effect of laws and regulations that are validly promulgated under the Property Clause. *See e.g., Kleppe v. New Mexico,* 426 U.S. 529, 543, 96 S.Ct. 2285, 2293, 49 L.Ed.2d 34 (1976); *United States v. Brown,* 552 F.2d 817, 821 (8th Cir.), *cert. denied,* 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977).

The other part of the district court's decision that Nevada contends erroneously reaches the merits of the quiet title suit is in fact dictum. The district court unnecessarily commented on the merits of a dispute between the parties over the meaning of the consent provision in the Migratory Bird Conservation Act, 16 U.S.C. § 715f (1976). However, the district court clearly prefaced its comments, saying: "The merits are interesting but, in view of the bar of the statute of limitations, excite only passing comment." 547 F.Supp. at 779. Later, the district court concluded: "The doctrine of sovereign immunity precludes this action and the court is without jurisdiction." 547 F.Supp. at 780. Thus, the district court, despite its comments, did not decide any of the merits of the quiet title action. If it had done so, *Block* would require us to vacate any such holdings.

The United States is of course not barred from bringing a future suit in which, for example, quiet title or Property Clause issues are involved. Only Nevada is barred from bringing a title-dependent action by the statute of limitations, and this court only lacks jurisdiction over title-dependent issues when raised by Nevada.

## III

The district court did not address certain non-title challenges raised by Nevada to federal regulation on the lake. We decline to address them as well. In its briefs on appeal Nevada never challenges any specific federal regulations. In oral argument, Nevada confirmed that it was not challenging any specific federal regulatory act, but was instead asserting that the federal government lacked any authority to regulate on the lake. Such a challenge "in the air," so to speak, does not present a justiciable claim. Federal courts should appropriately decide such challenges only when they arise in the context of a specific "case" or "controversy." U.S. Const., art. III, § 2, cl. 1. As each specific federal regulatory act may be based on different authority, such acts must be considered on a case-by-case basis.

AFFIRMED.