NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHINOOK LANDING, LLC, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN LUND,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1884

---

Appeal from the United States District Court for the District of Oregon in No. 3:19-cv-02015-AR, Judge Jeffrey Armistead.

---

Decided:  June 17, 2025

---

JEFFREY WILSON MCCOY, Pacific Legal Foundation, Highlands Ranch, CO, argued for plaintiff-appellant.  Also represented by DAMIEN M. SCHIFF, Sacramento, CA; KATHRYN DALY VALOIS, Palm Beach Gardens, FL.

SEAN MARTIN, United States Attorney's Office for the District of Oregon, Portland, OR, argued for defendant-appellee.  Also represented by NATALIE K. WIGHT.

---

Before MOORE, *Chief Judge*, PROST, *Circuit Judge*, and HALL, *District Judge*.[1]

PROST, *Circuit Judge*.

Chinook Landing, LLC ("Chinook"), as personal representative of the estate of John Lund, appeals from a decision of the U.S. District Court for the District of Oregon granting the United States' summary judgment motion. *Lund v. United States*, No. 19-02015, 2023 WL 2572613, at *1 (D. Or. Mar. 17, 2023) (adopting Findings and Recommendation, 2022 WL 19039088 (D. Or. Dec. 7, 2022) ("*Decision*"), as the final decision). The district court found Mr. Lund's Quiet Title Act ("QTA") and inverse condemnation claims against the government untimely under the applicable statutes of limitations. For the reasons set forth below, we affirm.

## BACKGROUND

In December 1955, the United States recorded an easement titled "Transmission Line Easement and Access Road Easement" ("1955 easement") granted by Mr. Lund's predecessors-in-interest. ER 98–103.[2] The 1955 easement provides the government with the "right to enter and erect, operate, maintain, repair, rebuild, and patrol one or more electric power transmission lines." ER 98. The 1955 easement also grants "a permanent easement and right-of-way . . . for the purpose of constructing an access road . . . to be used in connection with the aforementioned transmission line easement and right-of-way." ER 99. Starting in 1955,

---

[1]    Honorable Jennifer L. Hall, District Judge, United States District Court for the District of Delaware, sitting by designation.

[2]    "ER" refers to the excerpts of record initially filed in the Ninth Circuit and transferred to this court.

Bonneville Power Association ("BPA"), a federal agency that administers power generated by hydroelectric dams in the Pacific Northwest, exercised the easement rights to build the access road ("BPA Road") and erect transmission lines and related facilities. *Decision*, 2022 WL 19039088, at *3.

Since 1955, BPA used Reeher Road to reach the easement area from Oregon State Highway 6. *Id.* Reeher Road runs through the entire strip of land owned by Mr. Lund's predecessors-in-interest in 1955. *Id.* at *7. The land has since been subdivided into three lots, and Mr. Lund purchased one of those lots in 2004. In using Reeher Road, BPA crossed over what is now Mr. Lund's property. *Id.* at *3. BPA constructed its BPA Road directly off Reeher Road. *Id.* at *7. To maintain the transmission lines, BPA used Reeher Road at least annually to transport machinery and personnel by vehicle to the transmission lines. *Id.* at *3.

In 2013, BPA obtained easements specific to Reeher Road from Mr. Lund's northern and southern neighbors in preparation for a project to improve the transmission lines. *Id.* at *4. The easements granted rights including to reconstruct and repair Reeher Road not limited to culverts and bridges. *Id.* at *4 n.3. Negotiations between BPA and Mr. Lund to obtain a similar easement failed. *Id.* at *4. In 2014, Mr. Lund sent an email to BPA that he revokes "any formal or implied permission" to enter or cross his property. ER 54; *Decision*, 2022 WL 19039088, at *4. BPA continued to use Reeher Road as an entry route to the transmission lines. *Decision*, 2022 WL 19039088, at *4.

In December 2019, Mr. Lund commenced this action against the government in the U.S. District Court for the District of Oregon and amended his complaint in June 2021. ER 122, 125. He raised a QTA claim, 28 U.S.C. § 2409a, alleging that he has exclusive interest in Reeher Road where it crosses his property. *Decision*, 2022 WL

19039088, at *1. He also raised an inverse condemnation claim under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), alleging that the government has taken his property without just compensation contrary to the Fifth Amendment to the U.S. Constitution. He requested "just compensation in an amount up to $10,000." *Id.* at *4. The government moved for summary judgment arguing that both claims are barred by the applicable statutes of limitations and fail on their merits. *Id.* In December 2022, the magistrate judge issued a Findings and Recommendation granting the government's summary judgment motion. *Id.* at *12. The magistrate judge found that "BPA has a reasonable right to use [Reeher Road] to enter the easement area to accomplish the purposes set forth in the [1955] Easement." *Id.* at *10. The magistrate judge also found Mr. Lund's claims time-barred under the applicable statutes of limitations. *Id.* at *12. In March 2023, the district court adopted the magistrate judge's decision in its entirety. *Lund*, 2023 WL 2572613, at *1.

Chinook appealed to the Ninth Circuit.[3] In May 2024, the Ninth Circuit transferred the case to this court because the "Federal Circuit has exclusive jurisdiction over an appeal from a final decision of a district court in a non-tax case where jurisdiction rested in part upon [the Little Tucker Act, 28 U.S.C. § 1346(a)(2)]." *Chinook Landing, LLC v. United States*, No. 23-35344 (9th Cir. May 23, 2024), ECF. No. 44. We have jurisdiction under 28 U.S.C. § 1295(a)(2).

---

[3] Mr. Lund passed away before the district court's decision issued. During probate, title to the property at issue here transferred to Chinook, a single member LLC wholly owned by Mr. Lund's widow. Appellant's Br. 14–15.

## DISCUSSION

We review a district court's grant of summary judgment de novo. *Schism v. United States*, 316 F.3d 1259, 1267 (Fed. Cir. 2019); *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). Summary judgment is appropriate when, viewing the evidence in favor of the non-movant, there is no genuine dispute of material fact. *Schism*, 316 F.3d at 1267.

The QTA "provides a limited waiver of sovereign immunity for actions to quiet title against the United States." *Martin v. United States*, 894 F.3d 1356, 1365 (Fed. Cir. 2018). Under the QTA, the government "may be named as a party defendant in a civil action . . . to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409(a).

The Little Tucker Act provides district courts with concurrent jurisdiction with the U.S. Court of Federal Claims over certain claims against the government "not exceeding $10,000 in amount, founded . . . upon the Constitution." *Id.* § 1346(a)(2). The Fifth Amendment Takings Clause provides: "[N]or shall private property be taken for public use, without just compensation." U.S. CONST. amend. V. Inverse condemnation is a takings claim "to recover the value of property taken by the government without formal exercise of the power of eminent domain." *Moden v. United States*, 404 F.3d 1335, 1342 (Fed. Cir. 2005) (citing *United States v. Clarke,* 445 U.S. 253, 257 (1980)).

On appeal, Chinook argues that Mr. Lund's QTA and inverse condemnation claims are not time-barred under the applicable statutes of limitations. Appellant's Br. 20, 53. We disagree.

We first address Mr. Lund's QTA claim. We agree with the district court that Mr. Lund's QTA claim is time-barred under the statute of limitations. *See Decision*, 2022 WL

19039088, at *12. A QTA claim "except for an action brought by a State, shall be barred unless it is commenced within twelve years of the date upon which it accrued." 28 U.S.C. § 2409a(g). Accrual occurs "on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." *Id.*; *Wilkins v. United States*, 598 U.S. 152, 156 (2023). "Constructive notice of recorded deeds may commence the running of the limitations period." *California ex rel. State Land Comm'n v. Yuba Goldfields, Inc.*, 752 F.2d 393, 396 (9th Cir. 1985). The government's use of the land may also trigger the limitations period. *Nevada v. United States*, 731 F.2d 633, 635 (9th Cir. 1984).

As the district court found, Mr. Lund or his predecessors-in-interest knew or should have known since 1955 of BPA's interest in reaching the easement area via Reeher Road. *Decision*, 2022 WL 19039088, at *11. First, the government properly recorded the 1955 easement and BPA started using Reeher Road in 1955 when it exercised the 1955 easement. The 1955 easement continues to burden Mr. Lund's property. Second, BPA continued to use Reeher Road at least annually since 1955 to transport machinery and personnel by vehicle to the transmission lines. BPA also built its BPA Road with its starting point on Reeher Road. Mr. Lund's QTA claim, therefore, accrued in 1955 and is time-barred because it expired in 1967, before he commenced this action in 2019.

We next address Mr. Lund's inverse condemnation claim brought under the Little Tucker Act. A claim under the Little Tucker Act shall be barred unless it "is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "[A] takings claim accrues when 'all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence.'" *Etchegoinberry v. United States*, 132 F.4th 1374, 1379 (Fed. Cir. 2025) (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed.

Cir. 1988)). "[T]he general rule is that 'the owner at the time [of the taking] rather than the owner at an earlier or later date, is the one who has the claim and is to receive payment.'" *Argent v. United States,* 124 F.3d 1277, 1287 (Fed. Cir. 1997) (second alteration in original) (quoting *United States v. Dow*, 357 U.S. 17, 22 (1958)).

We agree with the district court that Mr. Lund's inverse condemnation claim accrued in 1955. *Decision*, 2022 WL 19039088, at *12. First, all the events that fix the government's alleged liability of using Reeher Road to cross over property currently owned by Mr. Lund started in 1955 when BPA exercised the 1955 easement. Second, the owners at the time of the alleged taking were or should have been aware of BPA's use of Reeher Road since 1955 because BPA built its BPA Road directly off Reeher Road and continued to use Reeher Road at least annually. As a result, Mr. Lund's inverse condemnation claim is time-barred because it accrued in 1955 and expired six years later in 1961.

Chinook's arguments that Mr. Lund's QTA and inverse condemnation claims are not time-barred lack merit. Chinook argues that Mr. Lund's claims did not accrue until 2014. Appellant's Br. 27, 56. Chinook contends that "[i]t was only in 2014, when [Mr. Lund] revoked permission for BPA to use the road that BPA acted in a way that reflected a belief that it had the right to use the road under the [1955 easement]." *Id.* at 27. We disagree. BPA started using Reeher Road soon after recording the easement in 1955, BPA specifically built its BPA Road with a starting point on Reeher Road, and BPA continued to use Reeher Road to maintain the transmission lines. Mr. Lund or his predecessors-in-interest, therefore, knew or should have known since 1955 of BPA's interest in Reeher Road. Chinook further argues that Mr. Lund's takings claim did not accrue until 2014 because BPA used Reeher Road previously "only with the prior landowner's express and discretionary consent." Reply Br. 26. Yet, the prior owner from whom Mr. Lund acquired his property was not one of the owners

of the property at the time of the government's alleged violation of using Reeher Road, as listed on the 1955 Easement. *See* ER 49 ¶ 2, 98. Mr. Lund's QTA and inverse condemnation claims expired long before he purchased his property in 2004.

Accordingly, we agree with the district court that Mr. Lund's QTA and inverse condemnation claims are time-barred under the applicable statutes of limitations.

## CONCLUSION

We have considered Chinook's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**