538 P.2d 418

**G. W. BURRIS and Elizabeth M. Burris, his wife, Plaintiffs-Appellants,**

**v.**

**STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION, and Alex J. Armijo, as Commissioner of Public Lands of the State of New Mexico, Defendants-Appellees.**

**No. 10012.**

Supreme Court of New Mexico.

July 16, 1975.

Harry O. Morris, Albuquerque, Mayo T. Boucher, Belen, for plaintiffs-appellants.

Toney Anaya, Atty. Gen., James V. Noble, SHD Asst. Atty. Gen., William O. Jordan, Sp. Asst. Atty. Gen., Santa Fe, for defendants-appellees.

## OPINION

McMANUS, Chief Justice.

This suit was brought in the District Court of Dona Ana County, New Mexico, to recover (1) damages under inverse condemnation, (2) expenses and costs under the "Highway Litigation Expense Act," and (3) accounting by the Commissioner of Public Lands (hereinafter called Commissioner), for sand and gravel extracted.

The case was tried before the court. At the close of the plaintiffs' case, judgment was entered denying relief. Plaintiffs appeal.

Two points raised by appellants Burris, et al., (hereinafter referred to as Burris), are as follows:

I. The court erred in concluding that sand and gravel are minerals.

II. The court erred in finding that any of the parties intended to reserve sand and gravel.

The land involved is in Dona Ana County, New Mexico. The acreage of Burris was acquired in two ways: (1) a contract with the State in 1931, culminating in a patent in 1965; and (2) a contract with the State covering the rest of Burris' land in 1964. The contract is still in full force and effect. It is from these lands that the 87 acres, the subject of this lawsuit, are to be found. In each instance, the contracts for the land herein involved were entered into on a form prescribed by the Commissioner containing the following:

"* * * it is expressly understood and agreed that this contract is based

upon the express condition that the minerals therein shall be and are reserved to the fund or institution to which the land belongs, together with right of way to the Commissioner, or anyone acting under his authority, at any and all times to enter upon said land and mine and remove the minerals therefrom without let or hindrance. * * *"

In fact, the 1931 contract also stated, "that this land is being purchased for the purpose of grazing and agriculture only."

The patent issued to plaintiffs in 1965 reserved,

" * * * to the state of New Mexico all minerals of whatsoever kind, including oil and gas, in the lands so granted, and to it, or persons authorized by it, the right to prospect for, mine, produce and remove the same, and perform any and all acts necessary in connection therewith, * * *."

The contracts and other documents relating to the lands which are the subject of this suit contain the same or similar reservations to the State. In fact, in the application for the tract in 1964, the "Application to Purchase" contained the following statement by Mr. Burris:

"I further state that the land applied for herein is essentially non-mineral land, and that this application is not made for the purpose of obtaining title to mineral, including but not limited to caliche, *sand and gravel*, coal, oil or gas lands fraudulently but with the sole object of obtaining title to the surface of the land applied for." (Emphasis supplied.)

Burris knew specifically of the intent of the Commissioner by a notice of issuance of a mining lease to others on several occasions. The signing by Burris of many documents containing reservations as to minerals, which we consider to include sand and gravel, further indicates the intent. Postponing a decision on that subject for now, the parties have in effect contracted between themselves that such reservations were meant to include sand and gravel. A further point which supports the fact that sand and gravel was reserved and excepted from the land sales was the failure by the State to appraise and sell the sand and gravel to Burris in the original transactions.

Much is said in the briefs on the subject of whether sand and gravel are considered to be minerals in New Mexico. Such arguments tend to oversimplify the issue. That question is to be resolved according to the applicable statutes and the facts of each case. More precisely stated, apart from any governing statute, the issue is whether the parties intended that sand and gravel are, or are not, to be so classified. This is normally resolved by the pertinent documents and the actions of the parties thereunder.

For example, in *State ex rel. State Highway Commission v. Trujillo*, 82 N.M. 694, 487 P.2d 122 (1971), heavily relied upon by Burris, the only writing of this sort before us, in addition to the statute, was the patent, which simply reserved to the United States "all the coal and other minerals in the lands * * *." For the reasons stated in that opinion, we concluded that sand and gravel were not minerals in that factual context.

In contrast with *State ex rel. State Highway Commission v. Trujillo, supra,* a great deal more documentation, casting light on the intention of the parties, is before us here. Not only the patent, but also the "Application to Purchase" and the contracts, lead us to conclude that this case is readily distinguishable from Trujillo.

Under the terms of the documents involved in the present case the State contracted with Burris for the sale of the land in question expressly reserving all minerals in very clear, unambiguous and all-inclusive language, without qualification, restriction or limitations of any kind. We

**148**

hold therefore that the parties intended to reserve sand and gravel, and the judgment of the trial court will be affirmed.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.