642 P.2d 1089

Roger A. JENSEN, Patricia Brenner and George B. McCutcheon, II, Plaintiffs-Appellants,

v.

STATE HIGHWAY COMMISSION of the State of New Mexico and Alex J. Armijo, Commissioner of Public Lands, Defendants-Appellees.

No. 13640.

Supreme Court of New Mexico.

March 3, 1982.

Rehearing Denied March 25, 1982.

Sutin, Thayer & Browne, Norman Thayer, Albuquerque, for plaintiffs-appellants.

Jeff Bingaman, Atty. Gen., Richard L. Russell, Chief Counsel, Steve Hamilton, Asst. Atty. Gen., Santa Fe, for State Highway Com'n.

Jeff Bingaman, Atty. Gen., William O. Jordan, Gen. Counsel, Daniel Sanchez, Asst. Atty. Gen., Santa Fe, for Alex J. Armijo.

## OPINION

FEDERICI, Justice.

Plaintiffs-appellants Jensen, Brenner and McCutcheon (Jensen), filed a complaint in the District Court of Dona Ana County against the New Mexico State Highway Commission (Commission), seeking damages against the Commission by way of inverse condemnation for removal of sand and gravel from property being purchased by Jensen under purchase contract from the State of New Mexico, Commissioner of Public Lands (Land Commissioner). The Commission filed a third-party complaint against the Land Commissioner, seeking indemnification for any amounts for which the Commission might be found liable to Jensen. The Land Commissioner counterclaimed against Jensen, seeking to have Jensen's purchase contract declared void. After trial on the merits held before Judge Burks without a jury, the court entered its order and judgment dismissing Jensen's

complaint and thereby the issues raised by the Commission's third-party complaint and the Land Commissioner's counterclaim became moot.

Jensen appeals. We reverse.

The parties stipulated to most of the facts before trial. In the findings of fact adopted by the trial court, the court found that the facts which had been stipulated to established that Jensen entered into a contract of purchase with the State of New Mexico. The contract contained a provision reserving to the State all of the minerals. The Land Commissioner entered into sand and gravel leases with the Commission, sand and gravel was removed from the premises and the value of the sand and gravel was $20,383.00.

With reference to the characteristics of this particular sand and gravel, the trial court found that it was of a kind common throughout the length and breadth of the Rio Grande Valley, but that it "differed substantially from the materials surrounding it on both sides of said valley," that 86% of the sand and gravel was less than two inches in diameter, that 1% was from 3 to 12 inches in diameter, and that the sand and gravel was useful as surfacing aggregate for road building and for making commercial concrete.

Two issues are involved:

I. Whether sand and gravel are minerals within a reservation of minerals to the State contained in the purchase contract between Jensen and the State.

II. Whether the agreement between Jensen and the Land Commissioner is null and void pursuant to the Enabling Act for New Mexico § 10 (Act of June 20, 1910, 36 Statutes at Large 557, Chapter 310), Pamphlet 3, N.M.S.A.1978 (Enabling Act)).

### I.

■ This Court has consistently held that absent a specific contractual provision to the contrary, common sand and gravel possessing no exceptional characteristics, and being of the type found in this case, are not "minerals" under a general reservation of "all minerals" or "all minerals of whatsoever kind, including oil and gas," whether the provision appears in the patent or in the contract of purchase. *Rickelton v. Universal Constructors, Inc.*, 91 N.M. 479, 576 P.2d 285 (1978); *State ex rel. State Highway Commission v. Trujillo*, 82 N.M. 694, 487 P.2d 122 (1971).

In *Burris v. State ex rel. State Highway Commission*, 88 N.M. 146, 538 P.2d 418 (1975), this Court held that where the purchase contract with the State specifically reserved the gravel to the State, then gravel was included within the reservation of all minerals. No specific reservation in the contract of purchase appears in this case. *Burris* is distinguishable. It does not apply.

The Land Commissioner argues that since the word "gravel" appears in Jensen's nonmineral appraiser's affidavit, it follows that the parties intended to reserve the sand and gravel to the State. We think this is too broad an interpretation to be given the language of the nonmineral appraiser's affidavit. The words of the affidavit do not amount to a specific contract between the parties by which they agree to reserve to the State the sand and gravel. If the State desires to reserve gravel and sand, it may do so by specific reservations in the purchase contract.

The provisions of the purchase contract, the nonmineral affidavit and the character of the sand and gravel which are the subject of this lawsuit are not dissimilar from those presented to this Court in *Rickelton, supra,* and *Trujillo, supra,* and the result in this case is controlled by the results reached in those cases.

### II.

■ The Land Commissioner contends that the present contract for the purchase of State land is void as being contrary to and prohibited by Section 10 of the Enabling Act. We disagree. Subject only to restrictions imposed under the Enabling Act, the New Mexico Constitution and statutes, the Land Commissioner has complete dominion over State lands. This control

includes the right to sell lands and the right to lease lands for grazing and for prospecting, exploration, development and production of minerals, oil and gas. *See State v. District Court of Fourth Judicial Dist.*, 51 N.M. 304, 183 P.2d 611, *aff'g on rehearing*, 51 N.M. 297, 183 P.2d 607 (1947); *Burguete v. Del Curto*, 49 N.M. 292, 163 P.2d 257 (1945); *State ex rel. Otto v. Field*, 31 N.M. 120, 241 P. 1027 (1925); *Neel v. Barker*, 27 N.M. 605, 204 P. 205 (1922).

■ Neither the Enabling Act, the New Mexico Constitution nor our statutes precludes the Land Commissioner from leasing or selling the sand and gravel in said lands. The contract of purchase of State land by Jensen is a valid contract which includes the sale to Jensen of the sand and gravel.

The cause is remanded with direction to enter a judgment decreeing that the contract entered into between plaintiffs and the Land Commissioner is a valid contract which includes gravel and sand. The counterclaim of the Land Commissioner shall be dismissed. Judgment also shall be entered for plaintiffs against the Commission and the Land Commissioner for the sum of $20,-383.00, representing the value of the sand and gravel removed from the premises.

The cause is also remanded for further consideration of the relief sought in the crossclaim filed by the Commission against the Land Commissioner. Plaintiff shall recover interest, costs and such other expenses as may be permitted by law.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE and RIORDAN, JJ., concur.

EASLEY, C. J., dissenting.