**POVERTY FLATS LAND & CATTLE CO., a New Mexico corporation, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 82–2252.

United States Court of Appeals, Tenth Circuit.

May 13, 1983.

William Monroe Kerr, Jr., Midland, Tex. (Wm. Monroe Kerr, of Kerr, Fitz-Gerald & Kerr, Midland, Tex., and Rod M. Schumacher of Atwood, Malone, Mann & Cooter, Roswell, N.M., with him on the brief), for plaintiff-appellant.

Ellen J. Durkee, Atty., Dept. of Justice, Washington, D.C. (Carol E. Dinkins, Asst. Atty. Gen., David C. Shilton, Atty., Dept. of Justice, Washington, D.C.; William L. Lutz, U.S. Atty., Raymond Hamilton, Asst. U.S. Atty., Albuquerque, N.M., with her on the brief), for defendant-appellee.

Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

The question in this appeal is whether the trial court erred in granting the United States' motion for summary judgment on the ground that the quiet title action brought by Poverty Flats Land & Cattle Company against the United States was barred by the 12-year statute of limitations contained in 28 U.S.C. § 2409a(f). Poverty Flats' predecessor in interest acquired the

property in question in January 1970 pursuant to an exchange of lands under the Taylor Grazing Act, 43 U.S.C. § 315g(d) (repealed 1976). The land patent reserved to the United States the rights to "[a]ll mineral deposits in the land so patented, and to it, or persons authorized by it, the right to prospect, mine, and remove such deposits from the same under applicable law." Less than one year prior to the filing of the suit in February 1982, a lessee of the United States commenced taking dirt, rock, and caliche [1] from Poverty Flats' land. Poverty Flats' action sought to establish that the United States had no interest in these materials. On appeal the government admits it has no interest in "ordinary dirt" and "ordinary rock" on Poverty Flats' land. Brief for the Appellee at 8. It does, however, claim ownership of caliche as a mineral within the scope of the reservation.

If Poverty Flats were seeking a declaration that the mineral deposit reservation was invalid, the action would be time-barred by the recitation in the patent, of which Poverty Flats would have at least constructive notice. But Poverty Flats declares that it is not contesting the government's rights to "mineral deposits" within the terms of the deed reservation. Rather, this is a dispute over the meaning of the language in the patent conveying the land: Poverty Flats contends that under a proper construction of the instrument dirt, rock, and caliche were not reserved to the government. In *Kinscherff v. United States,* 586 F.2d 159, 161 (10th Cir.1978), we said, "[T]he limitation issue is a mixed question of fact and law as to whether a patentee or a successor in interest knew or should have known of the Government's claim." Therefore, to justify the district court's conclusion that the limitations period has run, the inclusion of dirt, rock, and caliche in the mineral reservation must be so clear that it would have been unreasonable for the plaintiff to believe otherwise. *See Amoco Production Co. v. United States,* 619 F.2d 1383, 1388 (10th Cir.1980). We

agree with the plaintiff that the court erred in holding that the statute of limitations had run without further development of the record.

Both parties admit that there is no case precisely deciding whether caliche is within the scope of a mineral reservation such as this one. The United States relies on rulings by the Department of Interior that limestone, sand, and gravel are minerals under various federal laws. *See Vivia Hemphill,* 54 Interior Dec. 80 (1932) (limestone a mineral under federal mining law); *United States v. Isbell Construction Co.,* 4 I.B.L.A. 205 (1971) (sand and gravel within Taylor Grazing Act reservation of "all minerals"). The plaintiff relies on federal and state cases holding that clay, sand, and gravel are not within particular reservations of minerals. *See, e.g., Western Nuclear, Inc. v. Andrus,* 664 F.2d 234, 235, 242 (10th Cir.1981), *cert. granted sub nom. Watt v. Western Nuclear, Inc.,* 456 U.S. 988, 102 S.Ct. 2266, 73 L.Ed.2d 1282 (1982) (gravel not a mineral in reservation under the Stock-Raising Homestead Act); *Jensen v. State Highway Commission,* 97 N.M. 630, 642 P.2d 1089, 1090, *cert. denied,* —— U.S. ——, 103 S.Ct. 86, 74 L.Ed.2d 80 (1982) (sand and gravel not minerals under state patent reservation). We note that the Surface Resources (Common Varieties) Act, 30 U.S.C. § 611, declares: "No deposits of common varieties of sand, stone, gravel, . . . shall be deemed a valuable mineral within the meaning of the mining laws of the United States," although the location of such materials is permitted if they have "distinct and special value." The Ninth Circuit has recently upheld an Interior Board of Land Appeals decision denying a mining claim for sand, gravel, and caliche because the substances could not be mined and marketed at a profit. *McCall v. Andrus,* 628 F.2d 1185 (9th Cir.1980), *cert. denied,* 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981). *See also Bumpus v. United States,* 325 F.2d 264, 266 (10th Cir. 1963):

---

1. According to Webster's Third New International Dictionary, caliche is "a crust or succession of crusts of calcium carbonate that forms within or on top of the stony soil of arid or semiarid regions." Caliche is apparently used in road building along with sand and gravel.

" 'Mineral' is a word of general language, and not *per se* a term of art. It does not have a definite meaning. It is used in many senses. It is not capable of a definition of universal application, but is susceptible to limitation or expansion according to the intention with which it is used in the particular instrument or statute. Regard must be had to the language of the instrument in which it occurs, the relative position of the parties interested and the substance of the transaction which the instrument embodies."

The district court's ruling on the basis of the statute of limitations appears to assume that the reference in the patent gave notice to Poverty Flats and its predecessor that dirt, rock, and caliche might be claimed under the reservation. Given the unsettled state of the law, we believe a material issue of fact exists as to whether the plaintiff knew or should have known of the claim of the United States to dirt, rock, and caliche at the time the mineral reservation was executed. Therefore, the district court erred in granting the motion for summary judgment. *See Western Casualty & Surety Co. v. National Union Fire Insurance Co.,* 677 F.2d 789, 791 n. 1 (10th Cir.1982).

The judgment of the district court is REVERSED and REMANDED for further proceedings consistent herewith.