**Carmel J. McINTYRE, Plaintiff,**

v.

**UNITED STATES of America; Cecil D. Andrus, Secretary of the Interior, in his official capacity; Frank Gregg, Director, Bureau of Land Management, in his official capacity; Curtis V. McVee, Alaska State Director, Bureau of Land Management; Alaska Native Claims Appeal Board, United States Department of the Interior; Eklutna, Inc.; and Cook Inlet Region, Inc., Defendants.**

No. A79-391 CIV.

United States District Court,
D. Alaska,
Anchorage Division.

Aug. 17, 1983.

Joseph W. Evans, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, Alaska, for plaintiff.

John C. Siemers, Burr, Pease & Kurtz, Inc., David Frank, Roberts & Shefelman, Michael Spaan, U.S. Atty., Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

THIS CAUSE came originally before the court on appeal from a decision of the Alaska Native Claims Settlement Board (ANCAB) upholding the selection by the defendant native corporations of 22½ acres of land against the claims of the plaintiff. This court vacated the ANCAB decision on January 29, 1981 and remanded the ANCAB decision to the Interior Board of Land Appeals (IBLA) for a determination of the validity of the homestead entry of Robert Lowe, plaintiff's entryman. The IBLA declared the homestead entry of Robert V. Lowe invalid in a decision styled *Carmel J. McIntyre (On Judicial Remand)*, 67 IBLA 317 (October 1, 1982). In its original order remanding the ANCAB decision to the IBLA, the court ordered this proceeding held open for "appropriate application" after decision by the IBLA. On November 15, 1982, McIntyre applied to the court for a briefing schedule "concerning the issues

raised in his amended complaint and decisions of the administrative process." A court-ordered briefing schedule was completed and the court set oral argument on what it deemed cross motions for summary judgment on the issues raised by the briefs submitted. Oral argument was heard, at which time, in response to the court's inquiry, counsel for the plaintiff stated that there were no questions of fact precluding summary disposition. After oral argument counsel for Eklutna drew the court's attention to *Block v. North Dakota*, —— U.S. ——, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983). On May 27, 1983 the court requested additional briefing regarding the effect, if any, of *Block v. North Dakota* on this lawsuit.

### a. Is *Block v. North Dakota* Applicable?

In *Block v. North Dakota*, —— U.S. ——, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) the Supreme Court held that the limitations period of 28 U.S.C. § 2409a (The Quiet Title Act) was fully applicable to a state. Anticipating that its claim may have been time-barred under the QTA, North Dakota had also alleged that the Administrative Procedures Act provided a waiver of sovereign immunity from which to pursue its remedy against the United States. In broad language the Court stated:

> We hold the Congress intended the QTA to provide the exclusive means by which adverse claimants could challenge the United States title to real property.

103 S.Ct. at 1819.

The footnote preceding this holding expressly addresses the APA's availability to provide the waiver of sovereign immunity necessary for jurisdiction:

> That statute [APA] waived federal sovereign immunity for suits against federal officers in which the plaintiff seeks relief other than money damages, but it specifically confers no "authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." The QTA is such an "other statute," because, if a suit is untimely under the QTA, the QTA expressly "forbids the relief," which would be sought under § 702.

103 S.Ct. at 1819 n. 22.

For reasons stated below, the court concludes that the Supreme Court's decision in *Block,* as applied to the present case, requires that plaintiff satisfy the 12 year statute of limitations in 28 U.S.C. § 2409a(f).

The plaintiff points out that in *Block* North Dakota had not pursued any administrative relief but merely urged the APA as a fall back position in the event the Supreme Court concluded that states were subject to the limitation period. In contrast, Mr. McIntyre appeals most recently from a decision of the IBLA on remand from ANCAB. Mr. McIntyre also cites to portions of the federal defendants' brief in *Block* in which those defendants appear to concede that § 702 allows procedural or substantive challenges to the administration of federal lands. Neither the fact that Mr. McIntyre has pursued his administrative remedies in this case nor the alleged concessions in briefs suffice to distinguish this case from footnote 22 in *Block*. That footnote concludes that, where the relief sought under the APA is to quiet title and where the suit is untimely, § 702 provides no waiver of immunity inasmuch as another statute, 28 U.S.C. § 2409a(f), impliedly forbids the relief sought.

The footnote suggests that the critical analysis is not whether the action is in whole or part a judicial review from an agency decision but rather whether the relief sought is also available under the Quiet Title Act. If so, there is no waiver of immunity if the jurisdictional prerequisites of the Quiet Title Act have not been met.

■ In this case, the relief sought by plaintiff includes a favorable adjudication of title to real property in which the United States claims an interest. *See* Plaintiff's Amended Complaint, ¶¶ I, III. This is so despite the fact that the United States has patented its right in the land to corporate defendants, since the relief necessarily requires a vacation of the ANCAB action conveying land to defendants and a subse-

quent conveyance by the government to the plaintiff. *See* Plaintiff's Amended Prayer for Relief, ¶¶ 4, 5, 6; *see also, Kale v. United States,* 489 F.2d 449, 454 (9th Cir. 1973) (a challenger to a patent must show his own entitlement).

The nature of the relief sought distinguishes this case from *Humboldt County v. U.S.,* 684 F.2d 1276 (9th Cir.1982). In *Humboldt County* the court of appeals held that plaintiffs had standing under 5 U.S.C. § 702 to contest the decision of BLM to close two roads even though a claim of right of way under 28 U.S.C. § 2409a on one road was time-barred. 684 F.2d at 1282 n. 7.

In *Humboldt County,* a successful attack on the procedural and substantive agency action may have led to vacation of the agency's decision to close the roads in issue to public use. Those results, however, would have been dramatically different from the results of a successful claim for rights of way. By the former, only BLM's decision to close the road would have been vacated; by success on the latter claim, title to the road would have fallen to the county since claims of right of way are essentially claims to quiet title in the road. *Humboldt County,* 684 F.2d at 1280 n. 3.

In the case before the court, the plaintiff's administrative challenges are aimed at an order directing the Secretary to bring an action to cancel patents issued to the defendant village and regional corporations. *See* Amended Prayer, ¶ 4. The basis of the challenge is an allegation that the Secretary acted arbitrarily or contrary to law by failing to return the subject 22½ acres to the status of open to entry for homesteading after a "no injury" determination by the Federal Power Commission pursuant to § 24 of the Federal Power Act, 16 U.S.C. § 818 (1976). Had the Secretary returned the land to an open status, and no preferred claims been made, the plaintiff or his entry-man may have obtained a patent under the homestead laws. The court discerns no basis to distinguish this relief sought by judicial review from a declaration of the rights of plaintiff to maintain an interest in and occupancy of the land.

As the court views this litigation as one ultimately directed toward the adjudication of disputed title, the relief sought through judicial review is impliedly forbidden if plaintiff has failed to commence this action within twelve years from the date the plaintiff knew or should have known of the claim of the United States.

b. When Did the Statute of Limitations Begin to Run?

28 U.S.C. § 2409a(f) provides:

Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.[1]

The operative words of the statute—"should have known"—import a test of reasonableness. *Amoco Production Co. v. United States,* 619 F.2d 1383, 1388 (10th Cir.1980). The court is for disposition by summary judgment. In this instance, however, there is no dispute[2] over the material facts from which defendants claim the plaintiff should have known that the United States claimed an interest in the land. Accordingly, disposition by summary judgment is proper. *Park County Montana v. U.S.,* 626 F.2d 718, 721 (9th Cir.1980) (per curiam); *cf. Poverty Flats Land & Cattle Co. v. U.S.,* 706 F.2d 1078, 1079 (10th. Cir.

1. This statute of limitations retroactively applies to quiet title claims accruing prior to its enactment in 1972. *Grosz v. Andrus,* 556 F.2d 972, 975 (9th Cir.1977); *Hatter v. United States,* 402 F.Supp. 1192 (E.D.Cal.1975).

2. Briefing on the subject matter jurisdiction issue, prompted by *Block v. North Dakota,* occurred subsequent to a statement by the court and acquiescence by the parties of the court's intent to dispose of this case by summary judgment. Although the plaintiff argued that it was unreasonable for him to have known, prior to 1967, that the United States claimed an interest in the land, he has not claimed any dispute as to material facts.

**4**

1983) (limitation issue is mixed question of law and fact); *see generally, Stubbs v. United States,* 620 F.2d 775, 779–80 (10th Cir.1980).

It is undisputed that the plaintiff had actual knowledge in 1964 of the final and unfavorable March 11, 1964 decision of the Secretary of the Interior rejecting the application to enter and commutation of final proof filed by Mr. McIntyre's homestead entryman. As much as any recorded deed or roadblock on the land, this decision should have given Mr. McIntyre knowledge that the United States claimed an interest in the property. Plaintiff argues that the March 11, 1964 decision "clearly and unequivocally informed Mr. McIntyre of other administrative procedures that he should follow in an effort to secure title to this property." Plaintiff's Supp. Brief at 9. Plaintiff relies on the following paragraph from the Secretary's decision:

> The appellants may desire, in their own interest, to seek a favorable determination by the Federal Power Commission and, if it is achieved, to have this Department make the land available for private acquisition subject to the terms and conditions of sec. 24 of the Federal Power Act, *supra.* See *Weston A. Hillman,* A–28158 (February 2, 1960).

Mr. McIntyre overstates the significance a reasonable person would find in the Secretary's advice. Reading the entire decision, it is clear that Interior had made a final and unfavorable disposition of Mr. McIntyre's homestead application based on the withdrawn status of the land. The plaintiff, in effect, argues for an equitable tolling of the twelve year statute as a result of his reliance on the official's suggestion to petition the FPC for a no injury determination.

Even assuming plaintiff's optimistic reading of that paragraph in the 1964 decision was reasonable, the federal defendants are not estopped from asserting that this claim is time-barred. *See generally, Utah v. United States,* 284 U.S. 534, 545, 52 S.Ct. 232, 235, 76 L.Ed. 469 (1932) (no estoppel from statements by government officers in matters related to public lands); *Knapp v. U.S.,* 636 F.2d 279, 282 (10th Cir.1980) (time limits on statutory waivers of immunity to be strictly construed). The court concludes that 28 U.S.C. § 2409a provides the sole source of subject matter jurisdiction for this action and further that the action is time-barred under 18 U.S.C. § 2409a(f) for failure to suit with twelve years of notice of the Secretary's March 11, 1964 opinion.

Accordingly, IT IS ORDERED:

(1) THAT plaintiff's cause is dismissed for lack of subject matter jurisdiction;

(2) THAT the clerk prepare a form of final judgment so stating.