Carmel J. McINTYRE,
Plaintiff-Appellant,

v.

UNITED STATES of America; Cecil D. Andrus, Secretary of the Interior, in his official capacity; Frank Gregg, Director, Bureau of Land Management, in his official capacity; Curtis V. McVee, Alaska State Director, Bureau of Land Management; Alaska Native Claims Appeal Board, United States Department of the Interior; Eklutna, Inc.; and Cook Inlet Region, Inc., Defendants-Appellees.

No. 85–3861.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1986.

Decided May 20, 1986.

Joseph W. Evans, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, Alaska, for plaintiff-appellant.

Deborah Smith, Asst. U.S. Atty., Anchorage, Alaska, Ellen J. Durkee, Dept. of Justice, Appellate Section, Lands Div., Washington, D.C., David P. Wolf, Copeland, Landye, Bennett, & Wolf, Anchorage, Alaska, for defendants-appellees.

Before WALLACE and THOMPSON, Circuit Judges, and STEPHENS,* District Judge.

WALLACE, Circuit Judge:

McIntyre appeals the district court's order granting summary judgment pursuant to Fed.R.Civ.P. 54(b). He contends that the district court erred in concluding that it did not have subject matter jurisdiction based on the 12-year statute of limitations of the Quiet Title Act (the Act), 28 U.S.C. § 2409a(f). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

In 1957, Lowe filed a formal application for homestead entry with the Bureau of Land Management (the Bureau) for 160 acres of land, which included the 22½-acre parcel at issue here. In 1959, before any homestead patent issued, the 22½-acre parcel was conveyed to McIntyre. McIntyre has resided on the parcel continuously since that time.

In 1962, the Bureau rejected the segment of Lowe's application covering McIntyre's 22½-acre parcel because three separate power-site classifications had withdrawn the land from homestead entry and the Bureau had never restored it to entry.

---

* Honorable Albert Lee Stephens, Jr., United States District Judge, Central District of California, sitting by designation.

McIntyre appealed the decision to the Bureau's Branch of Land Appeals, which affirmed the decision after concluding that the parcel had not been available for homestead entry when Lowe filed his application for entry and, therefore, that McIntyre's claim as a successor to Lowe's interest was fatally defective. McIntyre then appealed to the Secretary of the Interior, who, on March 11, 1964, rejected his claim in a final secretarial decision.

In 1967, McIntyre filed a petition for restoration of his property with the Bureau, and a separate application with the Federal Power Commission. Both were denied. Successive administrative appeals in 1968 also were unsuccessful.

In 1970, the government served McIntyre with a notice of trespass and a notice to remove unauthorized structures, but took no further enforcement action against him.

In 1974, pursuant to section 12 of the Alaska Native Claims Settlement Act, 43 U.S.C. § 1611(a), Eklutna, Inc. (Eklutna) applied for the surface estate of the 22½-acre parcel. In 1979, the Bureau approved Eklutna's application. McIntyre received personal notification of the Bureau's intent·to convey the surface estate of the 22½-acre parcel to Eklutna. McIntyre appealed the Bureau's decision to the Alaska Native Claims Appeal Board, which rejected the appeal. The Bureau then issued patents to Eklutna for the surface estate and to Cook Inlet Region, Inc. for the subsurface estate of the 22½-acre parcel.

In 1979, McIntyre filed a complaint in federal district court. The district court vacated the decision of the Alaska Native Claims Appeal Board and remanded the case to the Interior Board of Land Appeals, which ruled against McIntyre's claim. The case returned to district court, but was dismissed for lack of subject matter jurisdiction. *See McIntyre v. United States,* 568 F.Supp. 1 (D.Alaska 1983).

## II

■ We must first consider whether we have jurisdiction to rule on this appeal. Because a counterclaim for trespass was not decided and remained before the court, the district court dismissed McIntyre's quiet title action and entered a rule 54(b) partial final judgment. "A district judge's Rule 54(b) certification is to be upheld absent an abuse of discretion." *Davis v. Fendler,* 650 F.2d 1154, 1164 (9th Cir.1981). We particularly scrutinize a district judge's rule 54(b) certification, however, to "prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980).

■ Both McIntyre and the government contend that the quiet title claim and trespass counterclaim are multiple claims within the meaning of rule 54(b) because the counterclaim would require proof of different facts than does the quiet title claim. *See Purdy Mobile Homes, Inc. v. Champion Home Builders Co.,* 594 F.2d 1313, 1316 (9th Cir.1979). We agree. In addition, there is no indication that the district court abused its discretion in finding no just reason for delay. ·*See generally Morrison-Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981). Therefore, we have jurisdiction to rule on this appeal.

## III

■ McIntyre contends that the district court erred in relying on *Block v. North Dakota,* 461 U.S. 273, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) (*Block*), to dismiss his action for lack of subject matter jurisdiction. We review de novo an order to dismiss for lack of subject matter jurisdiction. *See Clayton v. Republic Airlines, Inc.,* 716 F.2d 729, 730 (9th Cir.1983).

■ The district judge concluded that the Act is the exclusive means by which McIntyre could challenge the government's title to the land. McIntyre contends that section 702 of the Administrative Procedures Act, 5 U.S.C. § 702, provides an independent basis for adjudicating title disputes against the government. In *Block,* however, the Supreme Court rejected the same argument and concluded that section

702 did not create an independent jurisdictional basis for challenging the government's title to real property. *Block,* 461 U.S. at 286 n. 22, 103 S.Ct. at 1819 n. 22. McIntyre argues that his claim is different from that involved in *Block* because he made numerous administrative challenges prior to asserting his claim in federal court. Such an argument, however, is contrary to Congress's intention that the Act be the exclusive means to challenge the government's title to real property. *See id.* at 286, 103 S.Ct. at 1819.

### IV

We next consider whether the district court erred in concluding that the Act's 12-year statute of limitations bars McIntyre's action. Because the district court dismissed McIntyre's action on a motion for summary judgment due to the 12-year bar, we must determine whether there is any genuine issue of material fact and whether the district court correctly applied the relevant substantive law. *See Nevada v. United States,* 731 F.2d 633, 635 (9th Cir.1984).

 Timely commencement of an action to quiet title against the United States is a jurisdictional prerequisite. *See Humboldt County v. United States,* 684 F.2d 1276, 1280 (9th Cir.1982) (*Humboldt*); *Park County v. United States,* 626 F.2d 718, 720 (9th Cir.1980) (*Park County*), cert. denied, 449 U.S. 1112, 101 S.Ct. 923, 66 L.Ed.2d 841 (1981). The statute of limitations begins to run when the "plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(f). "[T]he words 'should have known' in section 2409a(f) impart a test of reasonableness." *California v. Yuba Goldfields, Inc.,* 752 F.2d 393, 396 (9th Cir.) (citation omitted), *cert. denied,* — U.S. —, 106 S.Ct. 526, 88 L.Ed.2d 458 (1985).

There is no dispute over the material facts that demonstrate McIntyre knew or should have known the government claimed an interest in the land. At the very latest, the Secretary of the Interior's final and unfavorable March 11, 1964, decision rejecting the notice of homestead entry should have given McIntyre knowledge that the government claimed an interest in the land. Consequently, the Act's 12-year statute of limitations ran three years before McIntyre brought suit in district court.

McIntyre contends that the Act's 12-year statute of limitations should be equitably estopped or tolled. The government contends that equitable estoppel or tolling cannot be used to circumvent the Act's 12-year statute of limitations. We agree. In *Burns v. United States,* 764 F.2d 722 (9th Cir.1985), we rejected a party's argument that the principles of equity may toll the statute of limitations of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2401(b), 2671–80. We concluded that the FTCA's statute of limitations is a jurisdictional requirement and that "[t]he government may not be equitably barred from asserting jurisdictional requirements." *Id.* at 724. The Act's 12-year statute of limitations also is jurisdictional. *See Humboldt,* 684 F.2d at 1280; *Park County,* 626 F.2d at 720. Therefore, the government may not be equitably barred from asserting application of the 12-year statute of limitations.

AFFIRMED.