HAT RANCH, INC., et al., Plaintiffs,

v.

Bruce BABBITT, et al., Defendants.

Civil Action No. 95–0172 (JR).

United States District Court,
District of Columbia.

Dec. 5, 1995.

Gene A. Bechtel, Bechtel & Cole, Washington, DC, for Plaintiffs.

Allison Bartlett Rumsey, U.S. Department of Justice, Environment and Natural Resources Division, Washington, DC, for Federal Defendants.

Richard Ernest Gardiner, Fairfax, VA, John Wayne Howard, for Otero County.

Margo Dale Miller, Trial Attorney, U.S. Department of Justice, Environmental and Natural Resources Division, General Litigation Section, for U.S.

## MEMORANDUM

ROBERTSON, District Judge.

This action is an attempt to structure a constitutional challenge to federal ownership of public lands in the State of New Mexico. The challenge is artfully pleaded, but the cause does not lie within the subject matter jurisdiction of this Court. For the reasons set forth below, the case must be dismissed.

When the State of New Mexico was admitted to the Union in 1912, all of the vacant and unappropriated lands in the new state were declared to be public lands of the United States. *See* New Mexico Enabling Act, 36 Stat. 557 (1910); New Mexico Const. art.

XXI, § 2. Since then, as in other western states since the turn of the century, *see United States v. Grimaud,* 220 U.S. 506, 521, 31 S.Ct. 480, 484–85, 55 L.Ed. 563 (1911), public lands in New Mexico have been available to ranchers for livestock grazing upon the issuance of permits and the payment of grazing fees. In September 1994, however, Otero County, New Mexico enacted a county ordinance declaring that the public lands lying in that county belong, not to the United States, but to the State of New Mexico. In February 1995, purportedly acting pursuant to that ordinance,[1] Otero County issued bills for grazing fees to several ranchers. The bills were for almost exactly the same amounts, and covered the same land, as bills that were issued at the same time by the U.S. Departments of Agriculture and the Interior. Confronted with two bills for the same grazing rights, the ranchers paid the amount of one set of bills into the registry of this Court and brought this action for interpleader, joining Otero County and the United States as defendants and requiring them to interplead because "their claims are such that the plaintiff[s are] or may be exposed to double . . . liability." F.R.Civ.P. 22.

Otero County cross-complains against the United States seeking a declaration that it is entitled to the disputed grazing fees. The United States moves to dismiss the cross-complaint for lack of subject matter jurisdiction.

The jurisdictional issue centers on the Quiet Title Act, 28 U.S.C. § 2409a. The government argues that Otero County's cross-complaint is really an action to quiet title in the unappropriated public lands lying within the County's borders. If so, the government maintains, the Quiet Title Act provides the sole jurisdictional basis for suit, *Block v. North Dakota,* 461 U.S. 273, 286, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983), and, because the County's claim falls outside the Act's twelve year limitations period, there is no jurisdictional basis upon which this Court may proceed. Otero County responds that it

does not seek a declaration that the State of New Mexico owns the lands, but only a declaration of its entitlement to levy grazing fees. While the County admits that this Court may have to decide who has title to the land before it can decide who may levy grazing fees, it claims that the lawsuit's focus on permits and fees—and not land ownership *per se*—removes the action from the scope of the Quiet Title Act.

Most actions under the Quiet Title Act concern the incidents of land ownership and not ownership *per se.* *See, e.g., Block, supra* (right to issue oil and gas leases); *Town of Beverly Shores v. Lujan,* 736 F.Supp. 934 (N.D.Ind.1989) (right to destroy easements). Litigants cannot circumvent the provisions of the Act by drawing fine distinctions between the incidents of land ownership and ownership itself. *See Humboldt County v. United States,* 684 F.2d 1276 (9th Cir.1982) (court looks to essence of action to see if it is one to quiet title); *McClellan v. Kimball,* 623 F.2d 83 (9th Cir.1980) (same). As the Supreme Court explained, "[i]t would require suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading." *Block,* 461 U.S. at 286, 103 S.Ct. at 1819 (*quoting Brown v. GSA,* 425 U.S. 820, 833, 96 S.Ct. 1961, 1968, 48 L.Ed.2d 402 (1976)).

Artful pleading is precisely what Otero County has attempted in this case. The County's cross-complaint and its motion for summary judgment reveal on their face that this case is a dispute over land ownership. Scarcely three of the more than eighty pages of the County's briefs discuss grazing permits and fees. The remainder is devoted to the question of title to the lands. Indeed, before the government moved to dismiss, the County's cross-complaint demanded a declaration that New Mexico had title to all the unappropriated public lands in Otero County. The County's later motion voluntarily striking that demand from the cross-complaint does not remove this dispute from the ambit

---

1. It appears, although the Court need not decide, that Otero County had absolutely no authority to assess grazing fees on land it thought belonged to the State of New Mexico. *See* Letter from New

Mexico Attorney General dated October 5, 1995, attached as Exhibit 1 to United States, Post–Hearing Memorandum.

of the Quiet Title Act. The authority to levy grazing fees depends upon ownership of the land. In order to decide who is entitled to assess and collect grazing fees, this Court would be required to decide who owns the unappropriated public lands in Otero County. Otero County's complaint must therefore stand or fall under the Quiet Title Act.

█ It falls. The Quiet Title Act provides a limited waiver of the sovereign immunity of the United States. It permits the United States to be named as a party defendant in a civil action "to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a). Such an action, however, "shall be barred unless it is commenced within twelve years after the date upon which it accrued." 28 U.S.C. § 2409a(g). As this limitations period is a condition on the waiver of sovereign immunity, the Court's jurisdiction depends upon timely filing. *Block,* 461 U.S. at 282–83, 103 S.Ct. at 1817–18. Quiet title actions under the statute are deemed to accrue on "the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g).

█ Otero County does not deny that it has known of the federal government's claim to the lands for longer than twelve years before it filed the instant suit.[2] Otero County has thus failed to bring its claim against the United States within the Quiet Title Act's limitations period, and its cross-complaint must be dismissed for lack of subject matter jurisdiction.[3]

█ An order dismissing Otero's cross-complaint does not resolve the question of which party is entitled to the monies that are on deposit in the registry of the Court. The rancher plaintiffs do not press their suit, but Otero County argues that the interpleader action survives the dismissal of its counterclaim. The United States disagrees and, at oral argument, moved to dismiss the interpleader action.

█ An action in interpleader allows a party exposed to multiple claims on a single obligation or property to settle the controversy and satisfy his obligation in one proceeding. *Commercial Union Ins. v. United States,* 999 F.2d 581, 583 (D.C.Cir.1993). Rule 22 interpleader does not enlarge the jurisdiction of the federal courts to entertain suits against the United States, however. *United States v. Dry Dock Savings Institution,* 149 F.2d 917 (2nd Cir.1945).

The only function of Rule 22 in this suit is to force the defendants to litigate their competing claims to plaintiffs' grazing fees. As set forth above, however, Otero County's dispute with the United States is beyond this Court's subject matter jurisdiction. Plaintiff's prayer for interpleader relief therefore cannot be granted, and plaintiff's complaint makes no claim directly against either defendant. The interpleader action accordingly fails to state a claim upon which relief may be granted and must be dismissed. F.R.Civ.P. 12(b)(6).

The fees deposited in the registry of the Court will be returned to plaintiffs. An order accompanies this memorandum.

### ORDER

For the reasons stated in the accompanying memorandum, it is this 5th day of December, 1995, **ordered** that

2. The United States acquired the public lands lying within Otero County's borders in the Texas boundary settlement of 1850. 9 Stat. 446 (1850). These lands have been actively regulated by the United States through its Departments of Agriculture and the Interior, including the present permitting programs the County now disputes, since the late nineteenth century. *See e.g.,* Taylor Grazing Act of 1934 § 1, 43 U.S.C. § 315; Federal Land Policy and Management Act of 1976, 43 U.S.C. § 1701 *et seq.* Those assertions of ownership and regulatory power are more than sufficient to have put the County on notice of the federal government's interest in the disputed lands. *See e.g., Nevada v. United States,* 731 F.2d 633, 635 (9th Cir.1984); *Park County v. United States,* 626 F.2d 718, 720 (9th Cir.1980).

3. Otero County's reliance on the Administrative Procedure Act, 5 U.S.C. § 702, as an alternative waiver of sovereign immunity and basis for this Court's jurisdiction is unpersuasive. *See Block, supra,* at 286, 103 S.Ct. at 1819; *Alaska v. Babbitt,* 38 F.3d 1068, 1073 (9th Cir.1994) (rejecting APA as an alternative waiver of immunity in title dispute with United States).

1. The United States' motion to dismiss, or in the alternative, for summary judgment [# 13] is **granted.**

2. Otero County's motion for summary judgment [# 18] is **denied.**

3. The United States' oral motion to dismiss the complaint for interpleader is **granted.**

4. The Clerk is directed to return the funds paid into the registry of the Court.