# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued January 23, 2009         Decided June 5, 2009

No. 08-5131

MONTANANS FOR MULTIPLE USE, A NOT-FOR-PROFIT
ORGANIZATION, ET AL.,
APPELLANTS

v.

CATHY BARBOULETOS, FLATHEAD NATIONAL FOREST
SUPERVISOR, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:03-cv-01244-TFH)

———

*Mark L. Pollot* argued the cause and filed the brief for appellant. *Robin W. Grover* entered an appearance.

*Michael T. Gray*, Attorney, U.S. Department of Justice, argued the cause for federal appellee. *Mary G. Sprague*, Attorney, U.S. Department of Justice, and *R. Craig Lawrence*, Assistant U.S. Attorney, entered appearances.

*Timothy M. Bechtold* was on the brief for intervenors-appellees. *Erin D. Lieberman* entered an appearance.

Before: GINSBURG and KAVANAUGH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Several Montana organizations and citizens are concerned about the U.S. Forest Service's management of the federally owned Flathead National Forest in northwest Montana. They want more of the forest to be made available for timbering and recreational activities. They filed a lawsuit against the Forest Service. A variety of environmental groups intervened against plaintiffs on the side of the Forest Service. Agreeing with the Forest Service and the environmental groups, the District Court dismissed plaintiffs' complaint. We affirm because plaintiffs cannot establish that the Forest Service has violated any federal law or otherwise taken action that is arbitrary and capricious under the Administrative Procedure Act. On the contrary, it is clear that plaintiffs' grievance lies with legally permissible policy decisions made by Congress and the Forest Service. Plaintiffs' plea for a new approach to management of the Flathead Forest is therefore best directed to the Legislative and Executive Branches.

I

The Flathead National Forest occupies 2.3 million acres of land in northwest Montana. The United States Forest Service, an agency of the Department of Agriculture, manages Flathead.

Two venerable statutes set forth the Forest Service's management goals: the Organic Administration Act of 1897, 16 U.S.C. § 475, and the Multiple-Use Sustained-Yield Act of 1960, 16 U.S.C. §§ 528 *et seq*. The Organic Administration

Act instructs the Forest Service to administer national forests so as to secure favorable conditions of water flows and to furnish the country with a continuous supply of timber. 16 U.S.C. § 475. The Multiple-Use Sustained-Yield Act adds "outdoor recreation, range, timber, watershed, and wildlife and fish purposes" to the list of management objectives. *Id.* § 528. In addition, that Act requires the Forest Service to develop and administer the national forests' renewable surface resources "for multiple use and sustained yield of the several products and services obtained therefrom." *Id.* § 529.

The National Forest Management Act of 1976, 16 U.S.C. §§ 1600 *et seq.*, establishes a two-stage process by which the U.S. Forest Service must pursue those statutory goals. At the initial stage, the Forest Service develops a Land and Resource Management Plan, also called a forest plan. *Id.* § 1604(a). The Forest Service may amend those plans "in any manner whatsoever after final adoption," provided that changes deemed "significant" meet certain substantive and procedural requirements. *Id.* § 1604(f)(4). The Forest Service must formally revise the plans at least once every 15 years – although since 2001, Congress has repeatedly extended the 15-year deadlines. *Id.* § 1604(f)(5); *e.g.*, Pub. L. No. 111-8, § 410, 123 Stat. 524 (2009). At the second stage, the Forest Service analyzes and authorizes site-specific projects consistent with the governing plan. *Id.* § 1604(i); *see also Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 729 (1998).

The Forest Service issued a forest plan for Flathead in 1986. For the past several years, the Service has been in the process of revising the Plan.

As relevant here, plaintiffs raised four claims in the District Court related to the Forest Service's management of

Flathead. First, plaintiffs complained that the Forest Service generally managed the Forest in violation of the National Forest Management Act and the 1986 Flathead Plan. Second, plaintiffs alleged that the Forest Service has delayed too long in issuing a revised forest plan. Third, plaintiffs accused the Forest Service of improperly closing various roads and trails in the forest. Fourth, plaintiffs contended that the Forest Service has repeatedly amended the 1986 Plan without complying with certain congressional reporting duties imposed by the Small Business Regulatory Enforcement Fairness Act, 5 U.S.C. §§ 801 *et seq*.

In a thorough opinion, the District Court dismissed plaintiffs' complaint. Our review is de novo.

## II

In this Court, plaintiffs again advance four arguments.

*First*, plaintiffs allege that the Secretary failed to carry out management activities in accordance with the National Forest Management Act and the 1986 Forest Plan. In their submission to this Court, plaintiffs characterize this as a failure-to-act cause of action under the Administrative Procedure Act. 5 U.S.C. § 706(1). But plaintiffs' complaint does not identify a legally required, discrete act that the Forest Service has failed to perform – a threshold requirement for a § 706 failure-to-act claim. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004). Plaintiffs contend only that the Forest Service neglected its general statutory and regulatory obligations to manage the forest so as to provide for multiple uses and a sustained yield of resources. *See* 16 U.S.C. §§ 1604(e)(1), 1606 note. Such conclusory statements amount to nothing more than allegations of general "deficiencies in compliance" that "lack the specificity requisite for agency action." *S. Utah*

*Wilderness Alliance*, 542 U.S. at 66. Plaintiffs' allegations therefore do not support judicial action under § 706(1).

*Second*, plaintiffs contend that the Forest Service violated the National Forest Management Act by failing to timely revise the 1986 Flathead Forest Plan. As plaintiffs correctly point out, the Act requires that the Forest Service revise forest plans "at least every fifteen years," which here would mean by 2001. 16 U.S.C. § 1604(f)(5)(A). The problem for plaintiffs is that Congress has repeatedly extended that deadline. The latest extension – passed by Congress and signed into law by President Obama on March 11, 2009 – provides that "[p]rior to October 1, 2009, the Secretary of Agriculture shall not be considered to be in violation of . . . 16 U.S.C. 1604(f)(5)(A) . . . solely because more than 15 years have passed without revision of the plan for a unit of the National Forest System." Pub. L. No. 111-8, § 410, 123 Stat. 524, 746 (2009).

To be sure, that latest statutory extension – like the six previous ones Congress enacted starting in 2001 – also states that "if the Secretary is not acting expeditiously and in good faith, within the funding available, to revise a plan for a unit of the National Forest System," the extension "shall be void with respect to such plan and a court of proper jurisdiction may order completion of the plan on an accelerated basis." *Id.* But by enacting repeated extensions, Congress has necessarily concluded that some delays in revising forest plans are justified. Because Congress just enacted the latest extension on March 11, 2009 (in effect, pardoning delays before that date) plaintiffs presumably have to show that the Forest Service has not acted expeditiously and in good faith since that date – that is, during the last three months. *See Biodiversity Assocs. v. Forest Service*, 226 F. Supp. 2d 1270, 1300 (D. Wyo. 2002). Plaintiffs offer no suggestion to that

6

effect. And even if the period since 2001 were the relevant timeframe for assessing the Service's actions, plaintiffs have failed to allege facts that come close to sufficiently alleging either bad faith or lack of expedition. (Therefore, we need not decide whether the statutory extension provision requires a showing of (i) a lack of expedition and bad faith or (ii) a lack of expedition or bad faith.) As the District Court correctly explained, the Forest Service has not ignored its obligation to revise the Flathead Plan. The complicated process to revise the Plan has been underway for several years as the Forest Service works to evaluate and incorporate new scientific, environmental, and economic information. Some delay has been occasioned, moreover, by other litigation over which the Forest Service has no control. In sum, plaintiffs' allegations provide no basis for finding that the Forest Service has not acted expeditiously and in good faith in attempting to revise the Plan.

Plaintiffs may be frustrated with the seven congressional extensions of the 2001 deadline for a new Flathead Forest Plan. But their frustration is the result of explicit action by multiple Congresses and two Presidents – and cannot be redressed by the Judiciary in this Administrative Procedure Act lawsuit.

*Third*, plaintiffs argue that the Forest Service illegally closed certain roads and trails in the Flathead Forest. According to plaintiffs, actions by the Service are subject to "valid existing rights." Federal Land Management Policy Act of 1976, Pub. L. No. 94-579, § 701(h), 90 Stat. 2743 (codified in scattered sections of 43 & 16 U.S.C.). Plaintiffs argue that this statutory provision prohibits the Service from closing roads that do not belong to the United States. As relief for this claim, plaintiffs want ownership of the roads and trails; they do not seek compensation for any alleged taking of their

property. The upshot is that plaintiffs are necessarily challenging the United States' title to the lands. But such a claim must proceed under the Quiet Title Act, 28 U.S.C. § 2409a. The Quiet Title Act provides "the exclusive means by which adverse claimants [may] challenge the United States' title to real property." *Block v. North Dakota*, 461 U.S. 273, 286 (1983); *see also Shawnee Trail v. Dep't of Agric.*, 222 F.3d 383, 387-88 (7th Cir. 2000); *Hat Ranch, Inc. v. Babbitt*, 932 F. Supp. 1, 2-3 (D.D.C. 1995), *aff'd sub nom. Hat Ranch, Inc. v. United States*, 102 F.3d 1272 (D.C. Cir. 1996) (per curiam) (unpublished). Because plaintiffs' complaint does not assert a cause of action under the Quiet Title Act, their argument regarding the road and trail closures is unavailing.[*]

*Fourth*, plaintiffs ask the Court to invalidate an unspecified number of previous Forest Service amendments to the Flathead Plan because the Service allegedly failed to satisfy the reporting requirement contained in the Small Business Regulatory Enforcement Fairness Act of 1996. That Act provides: "Before a rule can take effect, the Federal agency promulgating such rule shall submit," among other things, a copy of the rule "to each House of the Congress and to the Comptroller General." 5 U.S.C. § 801(a)(1)(A). The Act, however, also states that "[n]o determination, finding, action, or omission under this chapter shall be subject to judicial review." *Id.* § 805. That latter provision denies courts the power to void rules on the basis of agency noncompliance with the Act. The language of § 805 is unequivocal and precludes review of this claim – even

---

[*] To the extent plaintiffs suggested at oral argument that the Forest Service acted in an arbitrary and capricious manner in closing certain roads, plaintiffs did not develop that argument in their brief, and the complaint does not include such a cause of action. We therefore do not consider it.

assuming that the plan amendments qualify as rules subject to the Act in the first place.

$$* * *$$

We affirm the judgment of the District Court dismissing plaintiffs' complaint.

*So ordered.*